Glen SUTHERLAND, Petitioner,

v.

Raymond C. CABALLERO, Respondent.

No. C–7566.

Supreme Court of Texas.

July 6, 1988.

Rehearing Denied Dec. 14, 1988.

---

5. *The majority's attempt to distinguish these cases is not persuasive. Admittedly, the facts are different. But it is not the facts with which I am concerned; rather, it is the law to be applied to those facts and the inconsistent application of the law by this court which has yielded different results in* Bessent, Smith *and this case. It makes it hard to predict what this court will do in the future.*

Glen Sutherland, El Paso, pro se.

Jim Curtis, Kemp, Smith, Duncan & Hammond, El Paso, for respondent.

### ON APPLICATION FOR WRIT OF ERROR

**PER CURIAM.**

In this legal malpractice case, the defendant attorney, Raymond C. Caballero, moved for summary judgment against his former client, the plaintiff, Glen Sutherland. The motion was based on four different theories. The trial court granted summary judgment, without specifying a reason. The court of appeals affirmed the judg-

ment. 750 S.W.2d 840. We deny Sutherland's application for writ of error.

In denying the writ, however, we are not to be understood as expressing approval of the opinion of the court of appeals as it relates to whether there is a discovery rule that tolls limitations in legal malpractice cases. That question is resolved today in *Willis v. Maverick,* —— S.W.2d —— (Tex. 1988), in which we recognize the discovery rule in the context of legal malpractice actions.

■ But, summary judgment is proper if any of the grounds asserted in its behalf are valid even though it may have been upheld on the wrong theory. *Petroscience Corp. v. Diamond Geophysical, Inc.,* 684 S.W.2d 668, 669 (Tex.1984). In this case it was unnecessary for the court of appeals to have engaged in the discovery rule discussion.

■ The discovery rule does not save Sutherland's claim from being barred by limitations. The gravamen of Sutherland's complaint was that Caballero had a conflict of interest while representing Sutherland in federal court on RICO charges that Sutherland, as a part-time municipal judge, fixed traffic tickets. The conflict alleged was that Caballero had once represented Patricia Gandara on shoplifting charges and had not revealed this to Sutherland even though Gandara was a government witness against Sutherland.

It is not necessary to decide if limitations commenced running from the time of Sutherland's injury, which in this case was his conviction, or when Sutherland alleges he first learned of Caballero's representation of Gandara. Sutherland has removed that concern from issue by his own affidavit in which he states, "I never at any time agreed with the tactics and strategy of Mr. Caballero concerning his client Gandara." At other places in the affidavit Sutherland evidenced that he was already critical, even

during the trial, of Caballero's decision not to cross-examine Gandara on certain matters.

The discovery rule is immaterial. By his own admission, Sutherland was aware of the harm from Caballero's alleged malpractice at the time it occurred, which was four years and six months prior to the filing of this suit. The application for writ of error is denied.