In the Matter of the **ESTATE of Paul D. DEGLEY, Deceased, Appellant,**

v.

**Guillermo VEGA, Jr., Appellee.**

**No. 13–89–354–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 6, 1990.

300

Craig L. Austin and Kathy H. Waldrop, San Antonio, for appellant.

John Williamson, Brownsville, for appellee.

Before NYE, C.J., and KEYS and SEERDEN, JJ.

## OPINION

KEYS, Justice.

Appellant, the Estate of Paul D. Degley, filed a motion against appellee, Guillermo Vega, Jr., to recover allegedly excessive legal fees charged to the estate. The trial court held the fees charged were not unreasonably high. By three points of error, appellant claims that the trial court erred in holding that limitations barred the action, and raises factual sufficiency challenges to the trial court's findings that the fee was reasonable and there was no fraud, overreaching, or breach of fiduciary duty. We affirm the trial court's judgment.

Paul D. Degley died intestate on September 20, 1985. He was survived by his wife, Maria Degley, Donna Degley Niewiadomski, an adult daughter born out of wedlock, Paula Brenda Degley, a minor, and three adopted sons. Maria Degley (Degley) qualified as administratrix of the estate of Paul Degley. She contracted with appellee for legal services required for the administration of her husband's estate. Appellee charged Degley 20% of the estate if the administration was not challenged, and 40% if it was. Because Degley had no money to pay Vega, she assigned to him her and the estate's interest in two secured notes. When Degley assigned the notes the amount payable on the Horowitz note was approximately $25,000.00, and the amount payable on the Cole note was approximately $5,000.00. These notes were secured by liens on real property. After a hearing, this fee was approved by Order of the court on June 26, 1986.

Although the total net value of the estate was never established with certainty, the First Amended Inventory, filed April 4, 1986, showed community assets of $143,-480.07, and claims against the estate totaling $48,401.82. Testimony showed that administration of this estate would be somewhat time-consuming and complex primarily because Degley made frequent office visits, appropriated funds from the estate, was intent on usurping the distribution due Donna Degley Niewiadomski[1], and because the separate or community character of much of the property was not established. At the time of trial, Vega's file on this case was about four inches thick.

In its MOTION TO SET ASIDE ORDER RELATIVE TO ATTORNEYS FEES TO DETERMINE REASONABLE ATTORNEYS FEES AND TO ORDER PAYMENT OR OVERPAYMENT OF FEES AND DAMAGES TO ESTATE, filed May 18, 1989, the Estate claimed Degley agreed only to pay a reasonable fee for Vega's services, and that such fee was $3,500.00. It also claims Vega fraudulently induced Degley to convey the two notes, and breached his fiduciary duty to the Estate. Appellee answered and alleged that the fee was reasonable and that limitations barred the action.

At trial Degley testified that Vega failed to completely inform her and affirmatively misled her about the legal effect of the fee agreement. The agreement provided that the notes were assigned to Vega. Degley testified that she did not intend to convey all interest in the notes to Vega when she

---

1. Donna was born out of wedlock during Paul and Maria Degley's marriage.

made the fee agreement; rather, she intended that he receive payments during the time he represented her. She stated that her unfamiliarity with English prevented her from understanding the agreement she signed with Vega.

The trial court's findings and judgment reflect that the Order of June 26, 1986, was a final Order, the fee was not excessive, that no fraud, overreaching or breach of fiduciary duty occurred, and the alleged fraud, overreaching or breach of fiduciary duty was discovered or should have been discovered more than two years before suit was filed. The court concluded that Vega was not liable to the Estate or Degley.

■ Appellant's first point of error claims that the Motion to set aside the fee award is not barred by limitations because the attorney-client relationship ended less than two years prior to the filing of the motion. As a preliminary matter, we note that appellee pleaded that two limitations statutes barred the action: Tex.Prob.Code Ann. § 31 (Vernon 1989) and Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1989). The evidence supported these defenses. Tex.R.Civ.P. 299 provides:

> Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by the evidence, will be supplied by presumption.

The trial court found "The claims for relief for fraud and breach of fiduciary duty filed by Maria N. Degley were filed more than two years after the date which any alleged fraud and/or breach of fiduciary duty was discovered or should have been discovered." The court concluded: "Guillermo Vega, Jr., is not liable to either the Estate of Paul D. Degley, Deceased, nor to Maria N. Degley, Administratrix of the Estate of Paul D. Degley, Deceased." This finding is the critical element of the limitations defense to the allegations of overreaching and breach of fiduciary duty. We therefore supply all other elements of this defense by presumption where the evidence provides support. Tex.R.Civ.P. 299.

■ The appropriate method of analysis of a limitations claim of this type consists of three steps. First, the cause of action must be classified [2] and the appropriate limitations period determined. Second, the accrual date, i.e., the first point in time that the cause of action existed, must be determined. Third, the accrual date and the date suit was filed must be compared to the limitations period.

■ The pleadings asserted claims for fraud, overreaching, and breach of fiduciary duty. For limitations purposes, we treat these claims as one for legal malpractice and other forms of personal injury. *See e.g., Pham v. Nguyen,* 763 S.W.2d 467, 469 (Tex.App.—Houston [14th Dist.], 1988, writ denied) (claim for legal malpractice actions is governed by two-year limitations period regardless of how the suit is framed.)

The cause of action for legal malpractice is classified by the Supreme Court of Texas in *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988) as a "tort". We note that "tort" is not listed in § 16.003; however, "personal injury" is. We hold that legal malpractice, breach of fiduciary duty, and overreaching of this nature are properly classi-

2. Suits must be classified according to the statutory scheme set forth in Tex.Civ.Prac. & Rem. Code Ann. §§ 16.002, 16.003, 16.004, et seq. This inquiry often requires proficiency in ancient forms of pleading and practice no longer employed. A good example of the mischief caused by this scheme is found in *Williams v. Khalaf,* —— S.W.2d —— 33 Tex.Sup.Ct.J. 354 (Mar 28, 1990). In *Williams* the Court of Appeals held fraud subject to the two-year limita- tions statute. The Supreme Court, however, held that in 1979, the legislature changed the limitations period for fraud from two to four years. This was accomplished by reclassifying actions on a debt from § 16.003 to § 16.004. Fraud has been held an action on a debt, *Gordon v. Rhodes & Daniel,* 102 Tex. 300, 116 S.W. 40, 41 (1909). An additional example is found in the instant case: both litigants argue that the two-year statute applies to fraud actions.

fied as a "personal injury", under § 16.003(a), and therefore the two-year limitations period applies. *Willis*, 760 S.W.2d at 644.

■ The cause of action for fraud is classified as an action on a debt. *Gordon v. Rhodes & Daniel*, 102 Tex. 300, 116 S.W. 40, 41 (1909). At the time the alleged fraud was committed actions for debt were governed by the four-year limitations period found in Tex.Civ.Prac. & Rem.Code Ann. § 16.004(a), (c) (Vernon 1986). We see an important distinction between an action for negligent legal malpractice, which is clearly governed by the two-year limitations period applicable to personal injuries, *Willis*, 760 S.W.2d at 645, and for intentional fraud committed by an attorney. We note that the *Willis* holding was based on negligent legal malpractice; intentional fraud was not alleged or proven.

The next step in our analysis is to determine when the cause of action accrued. This requires application of the legal injury rule, *see Houston Waterworks v. Kennedy*, 70 Tex. 233, 8 S.W. 36 (1886), or the discovery rule, *see, e.g., Willis*.

■ A cause of action for fraud accrues upon its discovery. *Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438, 440 (1940). Although appellant's point of error (liberally construed) argues that accrual of a cause of action for fraud committed by an attorney is tolled during the attorney-client relationship, we need not answer this question because the uncontroverted evidence showed that all facts supporting the fraud cause of action occurred within four years of the date suit was filed. The trial court's finding that appellant discovered or should have discovered the fraud more than two years before suit was filed is irrelevant. We therefore hold that limitations is not a bar to the fraud action and sustain this point of error regarding the cause of action for fraud.

■ A cause of action for legal malpractice accrues when the nature of the injury is discovered or should have been discovered in the exercise of reasonable care and diligence. *Willis*, 760 S.W.2d at 647. In *Sutherland v. Caballero*, 759 S.W.2d 945, 947 (Tex.1988), the Supreme Court of Texas held that the cause of action for legal malpractice accrued when the legal injury was discovered, and not at the time the attorney-client relationship ends.

In the instant case, the trial court found appellant discovered or should have discovered facts supporting her legal malpractice claim more than two years before suit was filed. This finding is not challenged by legal or factual sufficiency points of error. The limitations defense concerning the legal malpractice claims was therefore established.

■ Appellant argues that the cause of action was tolled by the continuance of the attorney-client relationship, citing *McClung v. Johnson*, 620 S.W.2d 644 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).[3] The attorney-client relationship terminated within two years of the date suit was filed. At trial appellant did not plead, argue, or prove fraudulent concealment or any other valid basis for tolling limitations, and the trial court made no findings supporting a tolling theory. We therefore hold that the claims for overreaching and breach of fiduciary duty are barred by limitations. Appellant's first point of error is sustained as applied to fraud, and overruled as applied to all claims for legal malpractice and other forms of personal injury.

■ Appellant's second point of error complains that there was insufficient evidence to support the court's finding that the fee was fair. An "insufficient evidence" point is appropriate if the party without the burden of proof challenges a finding of fact. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). Assuming

---

**3.** The Supreme Court of Texas may have disposed of this argument already. In *Willis* the court expressly disapproved of this approach to accrual, holding that the discovery rule balances limitations policies better than simply tolling limitations during the attorney-client relation- ship. *See Willis*, 760 S.W.2d at 645–46 n. 3. *Compare Willis* and *Sutherland* with *McClung v. Johnson*, 620 S.W.2d 644 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.) (holding limitations tolled during attorney-client relationship).

appellee had the burden to prove that the fee was fair, *see Nguyen Ngoc Giao v. Smith & Lamm, P.C.,* 714 S.W.2d 144, 146–47 (Tex.1986), this is the appropriate phrasing of the point of error. In determining this point we consider all the evidence and inferences that support or contradict the finding. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex. 1989). We will reverse only if the evidence supporting the finding is too weak, or so against the weight of the evidence to be clearly wrong and unjust. *Id. See also* Hall, *Standards of Appellate Review in Civil Appeals,* 21 St. Mary's L.J. 865, 908–09 (1990); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 366 (1960).

■ Conflicting evidence was presented to the trial court on the question whether the fee was fair. The evidence showed that the case did not appear to be free from difficulty at the time the fee arrangement was made. Moreover, the actions of Degley in appropriating money from the estate and in attempting to exclude the child born out of wedlock compounded the complexity of the case. The complexity of a case is an appropriate consideration in determining the value of the services rendered, *Braswell v. Braswell,* 476 S.W.2d 444, 446 (Tex. Civ.App.—Waco 1972, writ dism'd). Moreover, by accepting the notes as payments for his fee, Vega was subject to the contingency that the notes would not be paid. There was conflicting expert testimony concerning the fairness of the fee.

■ The reasonableness of attorneys' fees is a question of fact. *Nguyen Ngoc Giao,* 714 S.W.2d at 148. We will not substitute our judgment for that of the trial court in cases where the evidence conflicts, and the finding of fact is not clearly wrong. In the exercise of our conclusive fact finding jurisdiction, we hold that the evidence is sufficient to uphold the trial court's finding that the fee was reasonable. Appellant's second point of error is overruled. Nevertheless, we address the remaining point of error.

■ Appellant's third point of error challenges the finding that Vega was not guilty of fraud, overreaching, or breach of fiduciary duty. We apply the well-established "against the great weight and preponderance of the evidence" test set forth in *Raw Hide Oil & Gas Inc. v. Maxus Exploration Co.,* 766 S.W.2d 264, 275–76 (Tex.App.—Amarillo 1988, writ denied), and hold that the evidence supported the trial court's finding that there was no fraud, overreaching, or breach of fiduciary duty. Appellant claimed that she did not understand the fee agreement she signed because of her poor understanding of English. A party who signs a contract is charged with notice of its contents as a matter of law. *Nguyen Ngoc Giao,* 714 S.W.2d at 146–47; *Williams v. Adams,* 696 S.W.2d 156, 159 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The evidence indicated that Degley had some understanding of English and that she was not as ignorant as she appeared. From this the trial court apparently inferred that she was well aware of the substance of the contract, and that appellant did not defraud, overreach, or breach any fiduciary duty. Appellant's third point of error is overruled.

Judgment of the trial court is hereby AFFIRMED.