Am. Nat'l Petrol. v. Exxon 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00334-CV







American National Petroleum Company, as Successor by Merger to Coquina Oil


Corporation, Appellant



v.



Exxon Company, U.S.A., a Division of Exxon Corporation, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 92-08409, HONORABLE STEVE RUSSELL, JUDGE PRESIDING








 Appellant American National Petroleum Company appeals from an order of the
district court of Travis County granting summary judgment for appellee Exxon Company. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West 1986). We will affirm the judgment.


BACKGROUND


 Coquina Oil Corp. ("Coquina"), appellant's predecessor in interest, owned a
fractional working interest in an oil and gas well operated by appellee. Pursuant to an operating
agreement, appellee routinely billed Coquina for its proportionate share of drilling expenses. 
Appellee billed Coquina for certain drilling expenses for which it may not have been responsible
under the agreement. Coquina paid the bills some time before April 1983.

 Appellee became convinced that it had overcharged Coquina in excess of one
million dollars, and it sought to reimburse the company. By that time, however, Coquina had
assigned its working interest in the well to another company, Santa Fe Energy ("Santa Fe"). On
July 31, 1984, appellee sent Santa Fe a check for $1,067,143.57 to refund the overpayment. 
Believing that the overpayment occurred before it acquired Coquina's interest in the well, Santa
Fe disclaimed any right to $973,495.45 and returned that amount to appellee, retaining the
balance. 

 In 1992, appellee attempted to refund the $973,495.45 to Fluor Oil & Gas
("Fluor"), Coquina's former parent company. Appellee notified appellant, which had acquired
Coquina's interest, of its intent to pay Fluor, and asked appellant to confirm that it owned no
interest in the well. Appellant advised appellee that it had purchased all of Coquina's stock from
Fluor, and that it, rather than Fluor, should receive the refund. Appellee then refused to pay the
refund to either appellant or Fluor, taking the position that it never overcharged Coquina.

 On June 12, 1992, over nine years after Coquina's alleged overpayment, appellant
sued appellee to recover the refund. Appellee filed a motion for summary judgment, requesting
that the action be dismissed on three grounds:



(1) A clause in the operating agreement prohibits a party from contesting bills
for operating expenses unless the party presents a written claim within two
years from the end of the calendar year in which the invoices were issued. 
Appellant never filed a written claim. 


(2) Either the two-year or four-year statute of limitations bars the action.


(3) Coquina failed to prove that it overpaid.



The trial court granted appellee's motion for summary judgment without specifying the basis. 
Appellant appeals from the trial court order granting summary judgment.



STANDARD OF REVIEW


 The standards for reviewing a motion for summary judgment are well established. 
First, the movant for summary judgment has the burden to show that no genuine issue of material
fact exists and that it is entitled to summary judgment as a matter of law. Second, in deciding
whether a disputed material fact issue precludes summary judgment, evidence favorable to the
non-movant will be taken as true. Third, every reasonable inference must be indulged in favor
of the non-movant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). Because the trial court did not specify the basis for
granting appellee's motion for summary judgment, we must affirm if any of the theories advanced
can be sustained. Sutherland v. Caballero, 759 S.W.2d 945, 946 (Tex. 1988); Valles v. Texas
Comm'n on Jail Standards, 845 S.W.2d 284, 287 (Tex. App.--Austin 1992, writ denied).



DISCUSSION


 Appellant raises three points of error. First, it argues that the trial court erred in
granting summary judgment because its claims are not barred by the operating agreement. 
Second, appellant claims that the trial court erred in granting summary judgment because the
discovery rule precludes application of the statute of limitations. Finally, appellant contends that
the trial court erred in granting summary judgment because it raised a genuine issue of material
fact concerning its right to the refund.

 We first consider the statute of limitations as a basis for summary judgment. In
response to appellant's contention that the discovery rule tolled the statute of limitations, appellee
asserts that the discovery rule does not apply to actions to recover money paid by mistake. 
Alternatively, appellee argues that appellant should have discovered its cause of action through
the exercise of reasonable diligence; therefore, the discovery rule did not toll the statute of
limitations.

 The statute of limitations begins to run when a plaintiff's cause of action accrues. 
As a general rule, a cause of action accrues when a wrongful act brings about an injury, regardless
of when the plaintiff learns about the injury. Moreno v. Sterling Drug, Inc., 787 S.W.2d 348,
351 (Tex. 1990); see also Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990)
("For the purposes of application of statute of limitations, a cause of action generally accrues at
the time when facts come into existence which authorize a claimant to seek a judicial remedy."). 
The discovery rule is an exception to the general rule, tolling the statute of limitations until the
plaintiff discovers, or through the exercise of reasonable diligence should discover, the nature of
its injury. Moreno, 787 S.W.2d at 351. The discovery rule, however, has limited application. 
This Court has observed that "[t]he discovery rule applies only to causes of action that can be
characterized as inherently undiscoverable." Snyder v. Eanes Indep. Sch. Dist., 860 S.W.2d 692,
699 (Tex. App.--Austin 1993, writ denied). In other words, the discovery rule applies only when
the injured party does not and cannot know of its injury when it occurs. Moreno, 787 S.W.2d
at 351.

 Appellant's predecessor in interest could have discovered any injury it may have
suffered when it occurred. Coquina made the payment itself and could have double-checked its
own records. The operating agreement granted Coquina full access to appellee's books and
expressly allowed Coquina to audit appellee's accounts and records. In accordance with the
operating agreement, appellee furnished Coquina with detailed monthly statements that
"identif[ied] the authority for expenditure, lease or facility, and all charges and credits,
summarized by appropriate classifications of investment and expense." Appellant could have
discovered any discrepancy by checking such statements against appellee's or its own records. 
The Texas Supreme Court has indicated that the discovery rule does not toll the statute of
limitations under such circumstances. See Dorchester Gas Producing Co. v. Hagy, 748 S.W.2d
474, 480 (Tex. App.--Amarillo 1988), writ granted w.r.m., 777 S.W.2d 709 (Tex. 1989)
(explaining supreme court's ruling in Luling Oil & Gas Co. v. Humble Oil & Ref. Co., 191
S.W.2d 716 (Tex. 1945), a mistaken payment case in which discovery rule did not toll the statute
of limitations because plaintiff received a monthly detailed accounting showing how to calculate
payments). We hold that appellant's cause of action was not inherently undiscoverable; therefore,
the discovery rule does not apply. See Snyder, 860 S.W.2d at 699.

 Because the discovery rule is inapplicable to this case, appellant's cause of action
accrued when Coquina made the allegedly mistaken payment to appellee. See Hornblower &
Weeks-Hemphill, Noyes, Inc. v. Crane, 586 S.W.2d 582, 587 (Tex. Civ. App.--Corpus Christi
1979, writ ref'd n.r.e.); Throckmorton County v. Thompson, 96 S.W.2d 826, 831 (Tex. Civ.
App.--Eastland 1936), rev'd on other grounds, 115 S.W.2d 1102 (Tex. 1938); 54 C.J.S.
Limitations of Actions § 157 (1987); C. Clifford Allen, III, & Patricia Jean Lamkin, Annotation,
When Statute of Limitations Begins to Run Against Action to Recover Money Paid By Mistake, 79
A.L.R.3d 754 (1977). The time lapse between the payment and the initiation of this action
exceeded nine years, well outside either the two or four-year statute of limitations. Appellant's
cause of action is barred by limitations, regardless of which statute applies. We overrule
appellant's second point of error.



CONCLUSION


 Because the statute of limitations bars the action, we need not address appellant's
points of error contesting other possible grounds for summary judgment. See Sutherland, 759
S.W.2d at 946; Valles, 845 S.W.2d at 287. Appellee has established that it is entitled to summary
judgment as a matter of law. Accordingly, we affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 3, 1995

Do Not Publish