Pittman v. Southers & Lyons 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00287-CV







William G. Pittman, Appellant



v.



Southers & Lyons, Inc.; Stephen Dittlinger; and Jeffrey C. Anderson, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 93-10378, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Appellant William G. Pittman appeals from an order of the district court of Travis
County granting summary judgment for appellees, Southers & Lyons, Inc., Stephen Dittlinger,
and Jeffrey C. Anderson. We will affirm.



BACKGROUND


 The appellees represented appellant in an underlying medical malpractice action in
which the trial court rendered summary judgment in favor of the defendant doctor and against
appellant. Thereafter, appellant notified appellees by letter of his claims against them for
"negligence, gross negligence, and breach of fiduciary relationship in his legal representation." 
On August 30, 1993, three years and two months after judgment was rendered in the medical
malpractice action, appellant sued appellees for breach of contract, breach of warranty, and breach
of fiduciary relationship. Appellant claims on appeal that he also sued appellees for fraud. Our
review of the petition, however, reveals that appellant did not plead fraud as a cause of action
below, and we therefore limit our review to appellant's other claims. 

 Appellees moved for summary judgment, contending that the two-year statute of
limitations barred appellant's cause of action. The trial court granted summary judgment for
appellees. Appellant appeals from the trial court order granting summary judgment.



STANDARD OF REVIEW


 The standards for reviewing a motion for summary judgment are well established. 
First, the movants for summary judgment have the burden to show that no genuine issue of
material fact exists and that they are entitled to summary judgment as a matter of law. Second,
in deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true. Third, every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Defendants who move for summary
judgment based on the affirmative defense of statute of limitations bear the burden of pleading and
conclusively establishing their plea of limitations. Woods v. William M. Mercer, Inc., 769
S.W.2d 515, 517 (Tex. 1988). 



DISCUSSION


 In four points of error, appellant contends that the trial court erred in granting
summary judgment for appellees because the four-year statute of limitations governs his action. 
Appellant also argues that the trial court unconstitutionally denied him due process, equal
protection of the laws, and due course of law by granting summary judgment for appellees.

 The parties disagree about the nature of appellant's allegations and therefore
disagree about which limitations statute controls. Appellant, citing Williams v. Khalaf, 802
S.W.2d 651, 658 (Tex. 1990), insists that he alleged an action for fraud and breach of contract
and that the four-year statute of limitations applies to his claims against appellees. Appellees
respond that, even though couched in terms of breach of contract, appellant's claim is actually one
for legal malpractice; therefore, the trial court correctly applied the two-year statute of limitations. 


 A legal malpractice action is a tort action, governed by the two-year statute of
limitations. Willis v. Maverick, 760 S.W.2d 642, 644 (Tex. 1988); Rea v. Cofer, 879 S.W.2d
224, 227 (Tex. App.--Houston [14th Dist.] 1994, no writ). The four-year statute of limitations
governs actions for fraud, Khalaf, 802 S.W.2d at 658, and breach of contract. Id. at 653; Hoover
v. Gregory, 835 S.W.2d 668, 677 (Tex. App.--Dallas 1992, writ denied); see Tex. Civ. Prac. &
Rem. Code Ann. § 16.004 (West 1986). An action concerning the quality of legal services
constitutes one for legal malpractice, notwithstanding the manner in which a plaintiff labels the
complaints. See, e.g., Black v. Wills, 758 S.W.2d 809, 814 (Tex. App.--Dallas 1988, no writ). 
As one court of appeals has observed, a plaintiff cannot merely revise the title of a legal
malpractice action, or fragment it into numerous causes of action, in order to circumvent the two-year statute of limitations. See id. Other courts have reached similar conclusions.

 In Sledge v. Alsup, 759 S.W.2d 1 (Tex. App.--El Paso 1988, no writ), a client sued
his attorney for breach of contract, legal malpractice, and fraud based on the attorney's advice that
the client sign certain documents. Id. at 1. The court held that the two-year statute of limitations
barred all of the client's claims, which together constituted nothing more than a legal malpractice
cause of action. Id. at 2. The court explained:



 Nothing is to be gained by fracturing a cause of action arising out of bad
legal advice or improper representation into claims for negligence, breach of
contract, fraud or some other name. If a lawyer's error or mistake is actionable,
it should give rise to a cause of action for legal malpractice with one set of issues
. . . . The real issue remains one of whether the attorney exercised that degree of
care, skill and diligence as lawyers of ordinary skill and knowledge commonly
possess and exercise.



Id. (citations omitted). 

 In Citizens State Bank v. Shapiro, 575 S.W.2d 375, 378-79 (Tex. Civ. App.--Tyler
1978, writ ref'd n.r.e.), a client sued his attorneys for negligence, breach of implied warranties,
breach of contract, and breach of fiduciary obligations, among other claims. He claimed that his
attorneys breached their alleged contract with him by failing to offer accurate advice and by
divulging his confidences. Id. at 386-87. Holding that the two-year statute of limitations applied
because the action was, in essence, a legal malpractice action, the court wrote:



Although couched in terms of a contract cause of action, these allegations basically
do no more than reiterate the previously mentioned causes of action for negligence,
misrepresentation, and fraud (1) and deceit, with the addition of a cause of action for
breach of fiduciary duty. This fourth cause of action, as do all of the first five,
sounds in tort, not contract, and thus the two-year limitations period is applicable.



Id. at 387. See also American Medical Elecs., Inc. v. Korn, 819 S.W.2d 573, 576 (Tex.
App.--Dallas 1991, writ denied) (holding that two-year statute of limitations applied to attorney
malpractice claim structured as "breach of implied warranty upon an oral contract").

 In Gabel v. Sandoval, 648 S.W.2d 398 (Tex. App.--San Antonio 1983, writ
dism'd), a client sued his attorney for breach of contract because the attorney failed to file suit in
a timely manner. Id. at 398. The court held that the two-year statute of limitations barred the
client's action, reasoning that the client's cause of action was actually a disguised legal malpractice
claim. Id. at 399. See also Mathew v. McCoy, 847 S.W.2d 397, 400 (Tex. App.--Houston [14th
Dist.] 1993, no writ) ("Legal malpractice is governed by a two-year statute of limitations,
regardless of whether the action is couched in terms of contract or some other theory of
recovery."); Pham v. Nguyen, 763 S.W.2d 467, 469 (Tex. App.--Houston [14th Dist.] 1988, writ
denied) ("It is well established that a two year statute of limitations applies to legal malpractice
actions regardless of how the suit is framed."). 

 In his brief, appellant summarizes his claims:



 This suit is not founded on carelessness, negligence, etc., but is founded
on Appellees' deliberate and intentional conduct in deciding not to advance the
expert witnesses [sic] fee for an affidavit, and in formulating and filing a response
to [the opponent's] motion for summary judgment which appellees knew to be
inadequate and insufficient, and which they knew would result in a summary
judgment for [the opponent], and against their own client, [appellant]. This
intentional act was a breach of their contract with [appellant] properly to prosecute
his case against [the opponent], and was a fraud . . . . (2) 



In his pleadings, appellant complained specifically about appellees' failure to:



1) complete discovery in a timely manner; 


2) develop his case against the defendant doctor; 


3) prepare appellant's case in order to oppose the defendant doctor's motion for
summary judgment;


4) verify documents attached to appellant's response to the defendant doctor's
motion for summary judgment, rendering those documents unusable or inadmissible;


5) take an affidavit or the oral deposition testimony from an expert witness, to
pay his fee, or to subpoena his oral deposition testimony;


6) establish the existence of genuine issues of material fact as to the claim against
the defendant doctor, and to show that the defendant doctor was not
entitled to summary judgment; and


7) represent appellant after summary judgment was rendered for the defendant
doctor.



Despite the labels applied to appellant's claims, the claims clearly address the quality of the legal
services appellant received; therefore, this is a legal malpractice action, subject to the two-year
statute of limitations. See, e.g., Black, 758 S.W.2d at 814. We hold that the statute of limitations
bars appellant's legal malpractice action and that summary judgment was proper.

 In response to appellant's argument that this is a fraud or a breach of contract
action, we observe that valid fraud and breach of contract claims can arise, for example, when
an attorney charges a client excessive legal fees. Texas courts have applied the four-year statute
of limitations to a client's fraud or breach of contract claims in actions against attorneys for
excessive legal fees. See Jampole v. Matthews, 857 S.W.2d 57 (Tex. App.--Houston [1st Dist.]
1993, writ denied); Estate of Degley v. Vega, 797 S.W.2d 299 (Tex. App.--Corpus Christi 1990,
no writ). 

 In Vega, a client sued to recover allegedly excessive legal fees charged to an estate
because of fraud, breach of fiduciary duty, and overreaching. The court treated the breach of
fiduciary duty and overreaching claims as a legal malpractice cause of action governed by the two-year statute of limitations, but applied the four-year statute of limitations to the fraud claim. Id.
at 302-03. The court distinguished the fraud claim, which it characterized as an action on a debt,
from a personal injury action: "We see an important distinction between an action for negligent
legal malpractice, which is clearly governed by the two-year limitations period applicable to
personal injuries . . . and for intentional fraud committed by an attorney." Id. (citation omitted). 
Cf. Black, 758 S.W.2d at 813-14 (providing that "[a]n `action on a debt' is a contract claim, and
courts have consistently refused to disguise tort actions as contract claims so that plaintiffs could
enjoy a longer limitation period").

 In Jampole, an attorney and client agreed in writing that the attorney's fee would
be a certain percentage of any settlement. 857 S.W.2d at 59. Later, they agreed orally to a larger
percentage. After obtaining a settlement, the client sued the attorney for fraud over the fee
charged. Jampole, 857 S.W.2d at 59. Holding that the four-year statute of limitations applied
to the fraud claim, the court wrote: 



We distinguish . . . between an action for negligent legal practice and one for fraud
allegedly committed by an attorney relating to the establishing and charging of fees
for services. Similarly, we distinguish between an action for negligent legal
practice and one for breach of contract relating to excessive fees for services.



Id. at 62 (emphasis added). The issue in this case is the quality of appellees' legal services, not
whether appellees fraudulently breached the employment contract by charging appellant excessive
legal fees. 



CONCLUSION


 We hold that the two-year statute of limitations bars appellant's claims, which are
for legal malpractice regardless of their labels. We need not address further the constitutionality
of the trial court's action. Appellees have succeeded in showing that they are entitled to summary
judgment as a matter of law. Accordingly, we overrule appellant's points of error and affirm the
trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: July 12, 1995

Do Not Publish
1. [1]  In 1978, when the Tyler Court of Appeals issued the Shapiro case, the statute of
limitations for fraud was two years. Now, the four-year statute of limitations applies to
actions for fraud. Khalaf, 802 S.W.2d at 658. 
2.   In letters to appellees, appellant acknowledged that his complaint concerned "negligence,
gross negligence, and breach of fiduciary relationship in his legal representation."