NUMBER 13-00-388-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


IN RE: PAMELA GODT


____________________________________________________________________


On Petition for Writ of Mandamus


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Hinojosa, and Yañez 


Opinion by Justice Yañez


 In this original proceeding, relator, Pamela Godt,(1) seeks
mandamus relief from an order compelling arbitration under the Texas
General Arbitration Act (the TAA)(2) of her legal malpractice action against
real party-in-interest, attorney Thomas J. Henry (Henry). Pursuant to
this Court's request, Henry filed a response. See Tex. R. App. P.
52.8(b)(1). Without hearing oral argument, we conditionally grant the
writ. See Tex. R. App. P. 52.8(c). 

 On October 23, 1997, Godt telephoned Henry's Corpus Christi
office to discuss retaining him to represent her in a medical malpractice
case arising out of severe medical problems following hip surgery. 
Henry told Godt that although he was unable to see her, he would send
a paralegal to her home in Rockport. Godt was unable to travel to
Henry's office because she was suffering from severe pain associated
with the surgery, and was being treated with pain medication. A
paralegal from Henry's office, Patricia Hoyt, went to Godt's home with
a Power of Attorney and Contingent Fee Contract (the agreement) for
Godt's signature. Hoyt was not instructed to explain any of the
contractual provisions to Godt, and did not do so. Hoyt testified by
deposition that she visited with Godt for about forty-five minutes; Godt
appeared to be in extreme pain and did not ask any questions. Except
for Godt's husband and children, no one else was present. Hoyt stated
she briefly discussed Godt's medical history with her and may have
briefly discussed attorney's fees; there was no discussion, however, of
any provisions contained in the agreement. Godt signed the agreement.

 According to Godt, she spoke with an attorney in Henry's office in
February or March 1999, and was told that everything was fine. Godt
alleges Henry failed to investigate or pursue her medical malpractice
claim and failed to return her phone calls inquiring about her case. 
Shortly before limitations expired, Henry attempted to refer the case to
two other attorneys. Godt contends that by that time, there was
insufficient time to adequately investigate or prepare the case, and both
attorneys rejected the case. With only a couple of months left before
limitations expired, Henry withdrew from the representation. When
Godt complained she was unable to obtain another lawyer under the
circumstances, Henry prepared a pro se petition.(3)

 Godt filed suit against Henry, alleging his mishandling of her
medical malpractice claim constituted negligence, gross negligence,
fraud, misrepresentation, breach of fiduciary duty, and violations of the
Deceptive Trade Practices-Consumer Protection Act (DTPA).(4) Henry
answered, and filed a motion to compel arbitration based on a
mandatory arbitration clause contained in the agreement. Following a
hearing on April 18, 2000, the trial court granted, on May 4, 2000,
Henry's motion to compel arbitration and stayed the lawsuit pending
resolution by binding arbitration. 

 Godt requested findings of fact and conclusions of law from the
trial court. Henry submitted proposed findings of fact and conclusions
of law. Godt objected to Henry's proposed findings and conclusions,
but the trial court signed the findings and conclusions, without
modification, on June 7, 2000. 

 The trial court's findings of fact included the following: (1) the
arbitration agreement conforms with the TAA and "applicable legal
authority;" (2) there was no evidence the arbitration agreement was
procured by fraud, duress, or in an unconscionable manner; (3) Godt's
claims arise out of her attorney/client relationship with Henry; and (4)
there is no evidence that section 171.002(a)(3) of the civil practice and
remedies code(5) is applicable to the agreement. The trial court also
made the following conclusions of law: (1) the arbitration agreement is
valid and enforceable under the TAA; (2) Godt's claims are within the
scope of the agreement; (3) no applicable defense (such as fraud,
duress, unconscionability, or waiver) exists to defeat the enforceability
of the agreement; and (4) section 171.002(a)(3) of the civil practice and
remedies code is inapplicable to the agreement.

 Godt contends the agreement is unenforceable because her legal
malpractice claim is "a claim for personal injury," and falls, therefore,
within one of several types of claims excepted from the scope of the
TAA by section 171.002. She argues that because she did not sign the
agreement to arbitrate "on the advice of counsel," and because the
agreement was neither signed by Henry nor counsel for either party, it
fails to satisfy the "exception to the exception" criteria outlined in
section 171.002(c). See Tex. Civ. Prac. & Rem. Code Ann. § 171.002(c)
(Vernon Supp. 2000). Whether the agreement is governed by the TAA
depends, therefore, on whether a legal malpractice claim is "a claim for
personal injury" within the meaning of section 171.002(c). Godt also
contends the agreement is unenforceable on public policy grounds. She
argues that because of attorneys' special role in the legal system,
attorney-client contracts are subject to heightened scrutiny and that the
public interest in protecting clients from attorneys' overreaching and
unfair treatment is ill-served by allowing mandatory arbitration
provisions in attorney-client contracts. 

 Henry contends this Court is without jurisdiction to review an
order compelling arbitration because under the TAA, no review
(including mandamus) is available from an interlocutory order
compelling arbitration. He argues Godt has an adequate remedy by
appeal because an order compelling arbitration may be appealed upon
completion of arbitration and entry of judgment by the trial court. In
addition, Henry argues he is entitled to arbitration under the TAA
because: 1) an arbitration agreement exists; 2) the claims are within the
scope of the agreement; 3) Texas policy favors arbitration; 4) Godt failed
to present evidence of unconscionability, fraud, or duress in the
formation of the agreement; and 5) a claim for legal malpractice is not
a claim for personal injury, which would operate to exclude Godt's
claim from the TAA's applicability. 

 We must first determine whether mandamus is the appropriate
relief for Godt. In making this determination, we note that Henry's
jurisdictional challenge addresses only review of an order compelling
arbitration under the TAA. Moreover, the trial court's findings of fact
and conclusions of law refer only to the TAA; no findings of fact or
conclusions of law were requested concerning applicability of the
Federal Arbitration Act (FAA), and the trial court made no such findings
or conclusions. 

 The arbitration agreement itself is internally inconsistent as to
whether state or federal arbitration law governs disputes between the
parties. Provision 10 of the agreement provides that the "Agreement
shall be construed under and in accordance with the laws of the State
of Texas, . . . and regarding anything covered by this Agreement shall
be governed by the laws of the State of Texas." The agreement also
contains a statement located above the signature line, in all capital
letters, that "THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER
THE TEXAS GENERAL ARBITRATION STATUTE." However, Provision
11 of the agreement, specifically entitled, "Arbitration," states that all
disputes "shall be resolved by binding arbitration pursuant to the
Federal Arbitration Act in accordance with the Commercial Arbitration
Rules then in effect with the American Arbitration Association. . . . This
arbitration provision shall be enforceable . . . pursuant to the
substantive federal law established by the Federal Arbitration Act."
(emphasis added). 

 In reviewing an identical provision in an identical contract (same
attorney, same contract, same complaint, and most distressingly, a
virtually identical fact pattern with a different client), the San Antonio
Court of Appeals, in Henry v. Gonzalez, 18 S.W.3d 684 (Tex. App.--San
Antonio 2000, pet. filed), concluded that the reference to the FAA was
a "drafting error" and that the dispute in that case was governed by the
TAA, not the FAA. See id. at 688. Although Gonzalez was before the
San Antonio Court in a different procedural posture than the instant
case (in Gonzalez, appellants Henry and Hearn filed an interlocutory
appeal of an order denying their motion to compel arbitration), and we
decline to embrace the conclusions reached by the San Antonio Court,
we nonetheless agree with the Gonzalez court's conclusion that the
FAA is inapplicable because the contract does not relate to interstate
commerce. Id. 

 We disagree, however, with the Gonzalez court's conclusion that
notwithstanding the conflicting provisions, the TAA governs a contract
such as the one before us in this case. Id. In construing a contract, a
court's primary concern is to ascertain the true intention of the parties
as expressed in the instrument. Hofland v. Fireman's Fund Ins. Co.,
907 S.W.2d 597, 599 (Tex. App.--Corpus Christi 1995, no writ)
(citations omitted). In ascertaining the true intention of the parties, the
courts will examine and consider the entire writing, seeking as best
they can, to harmonize and to give effect to all the provisions of the
contract so that none will be rendered meaningless. Id. In interpreting
a contract, the ultimate restraint is that a court cannot, through the
construction process, make a new contract for the parties, one they did
not make. Borders v. KLRB, Inc., 727 S.W.2d 357, 359 (Tex.
App.--Amarillo 1987, writ ref'd n.r.e). We conclude that in the instant
case, the conflicting provisions of the agreement cannot be reconciled
and the intention of the parties cannot be ascertained. As noted, the
trial court's findings of fact and conclusions of law refer only to the
TAA. Express findings made by a trial judge cannot be extended by
implication to cover further independent issuable facts. Tex. R. Civ. P.
299; F. R. Hernandez Const. & Supply Co., Inc. v. Nat. Bank of
Commerce, 578 S.W.2d 675, 679 (Tex. 1979) (citing Duncan v. Willis,
157 Tex. 316, 302 S.W.2d 627 (1957); McKenzie v. Carte, 385 S.W.2d
520 (Tex. Civ. App. Corpus Christi 1964, writ ref'd n.r.e)). Moreover,
even if the right, if any, to invoke the FAA had not been waived, Henry
would still be required to show that the underlying transaction (the
attorney/client contract) involves interstate commerce.(6) See Cantella &
Co., Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996); Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 269-70 (Tex. 1992) (citing 9 U.S.C. § 2). 
There is no evidence demonstrating that the attorney/client agreement
between Godt and Henry relates to interstate commerce. Accordingly,
we conclude the trial court's order compelling arbitration may be
upheld, if at all, based only on Texas law and not the FAA. See Tex. R.
Civ. P. 299 (when trial court files findings of fact and conclusions of law,
those findings limit issues reviewable on appeal and trial court's
judgment cannot be supported based on presumed findings not
encompassed by express findings).

 In support of his assertion that "no review of any type (including
mandamus) [is available] from an interlocutory order compelling
arbitration under the TAA," Henry cites this Court's opinion in In re Van
Blarcum, 19 S.W.3d 484 (Tex. App.--Corpus Christi 2000, orig.
proceeding). Henry's reliance on Van Blarcum is misplaced. In Van
Blarcum, we noted the distinction between the appealability of an
interlocutory order denying a motion to compel arbitration under the
TAA (which may be appealed) and an order granting a motion to
compel arbitration under the TAA (which is not appealable). See In re
Van Blarcum, 19 S.W.3d at 488-89 n.7. Section 171.098 of the TAA
provides:

(a) A party may appeal a judgment or decree entered under
this chapter or an order:


 (1) denying an application to compel arbitration made
under Section 171.021;

 (2) granting an application to stay arbitration made
under Section 171.023;

 (3) confirming or denying confirmation of an award;

 (4) modifying or correcting an award; or

 (5) vacating an award without directing a rehearing. 


Tex. Civ. Prac. & Rem. Code Ann. 171.098(a) (Vernon Supp. 2000)
(emphasis supplied).

 Accordingly, we held in Van Blarcum that under the TAA, a party
cannot appeal an order compelling arbitration. See In re Van Blarcum,
19 S.W.3d at 488-89 n.7 (emphasis added) (citing Tex. Civ. Prac. &
Rem. Code Ann. § 171.098(a) (Vernon Supp. 2000); Lipshy Motorcars,
Inc. v. Sovereign Assocs., 944 S.W.2d 68, 69-70 (Tex. App.--Dallas
1997, no writ); Elm Creek Villas Homeowner Ass'n, Inc. v. Beldon
Roofing, 940 S.W.2d 150, 154 (Tex. App.--San Antonio 1996, no writ;
Gathe v. Cigna Healthplan of Tex., Inc., 879 S.W.2d 360, 362 (Tex.
App.--Houston [14th Dist.] 1994, writ denied)); see also In re MHI
Partnership, Ltd. d/b/a Pioneer Homes & McGuyer Homebuilders, Inc.,
7 S.W.3d 918, 920-21 (Tex. App.--Houston [1st Dist] 1999 (orig.
proceeding) (mandamus proper where trial court abused its discretion
in deferring ruling on motion to compel arbitration until after discovery
completed). We did not hold, as Henry asserts, that "no review of any
type (including mandamus)" is available from an order compelling
arbitration. We specifically noted in Van Blarcum that it was
unnecessary for us to decide whether mandamus relief was available
under the TAA because the arbitration agreement in that case was
governed by the FAA. See In re Van Blarcum, 19 S.W.3d at 489. 

 Mandamus will issue to correct a clear abuse of discretion or
violation of duty imposed by law. See Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992) (orig. proceeding). A clear abuse of discretion
occurs when the court's decision on a factual issue is so arbitrary and
capricious as to amount to clear error or is a violation of legal duty. A
clear abuse of discretion also exists with any error in analyzing or
applying the law. Id. A party who is compelled to arbitrate without
having agreed to do so will have lost its right to have the dispute
resolved by litigation and has no adequate remedy by appeal. Freis v.
Canales, 877 S.W.2d 283, 284 (Tex. 1994). Absent a valid agreement
between the parties to arbitrate the claims at issue, there is no
obligation to arbitrate. Id. 

 A reviewing court [in a mandamus proceeding] may not disturb
the trial court's resolution of factual issues, even if the reviewing court
would have decided differently, unless the resolution is shown to be
arbitrary and unreasonable. Walker, 827 S.W.2d at 839-40. A trial
court's resolution of a factual issue is arbitrary and unreasonable if the
relator establishes that the trial court could reasonably have reached
only one decision. Id. at 840. However, "[a] trial court has no
'discretion' in determining what the law is or applying the law to facts." 
Id. Failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion. Id. 

 Although Godt's challenge to the agreement relied on the
inapplicability of the TAA and public policy grounds, we note that the
agreement is indisputably a contingent fee agreement for legal services. 
Section 82.065(a) of the government code provides, "[a] contingent fee
contract for legal services must be in writing and signed by the attorney
and client." Tex. Gov't Code Ann. § 82.065(a) (emphasis added). It is
undisputed that the agreement was signed only by Godt; neither Henry
nor anyone from his office signed the agreement. We hold, therefore,
that Henry may not enforce the arbitration agreement because it fails to
comply with the requirements set forth in the government code. We do
not address the issue of whether Godt may enforce the agreement. 

 Even if the agreement met the requirements of section 82.065 of
the government code, we nonetheless hold that the trial court abused
its discretion in finding and concluding that the arbitration agreement
conforms with and is enforceable under the TAA and that section
171.002(a)(3) does not apply to the agreement. Texas law classifies a
legal malpractice claim as a personal injury action. See Sample v.
Freeman, 873 S.W.2d 470, 476 (Tex. App.--Beaumont 1994, writ
denied); Estate of Degley v. Vega, 797 S.W.2d 299, 302-03 (Tex. App.--Corpus Christi 1990, no writ). The TAA does not apply to a claim for
personal injury unless: (1) each party to the claim, on the advice of
counsel, agrees in writing to arbitrate; and (2) the agreement is signed
by each party and each party's attorney. Tex. Civ. Prac. & Rem. Code
Ann. § 171.002(a)(3, (c) (Vernon Supp. 2000). It is undisputed that Godt
was not acting on the advice of counsel when she signed the
agreement and that the agreement is not signed by an attorney
representing either party. We hold that a claim for legal malpractice is
a claim for personal injury within the meaning of section 171.002(a). 
We further hold the arbitration agreement is unenforceable under the
TAA. 

 Henry argues that the holding in Sample that a legal malpractice
claim is classified as a personal injury claim is dicta because it is limited
to the context of allowing a plaintiff to recover prejudgment interest. 
Similarly, he argues that this Court's holding in Vega is limited to the
context of characterizing a legal malpractice claim as a personal injury
solely for limitations purposes. We are unpersuaded that the language
in Sample and Vega characterizing a legal malpractice claim as a
personal injury action is limited to the facts in those cases. A legal
malpractice claim is in the nature of a tort. See Willis v. Maverick, 760
S.W.2d 642, 644 (Tex. 1988). Moreover, the nature of Godt's
complained-of injury in her malpractice claim is an action for personal
injury, rather than an action for economic or contractual losses. In
Sample, the plaintiff was injured in an accident aboard a ship, and the
act of malpractice was the attorney's failure to timely file a personal
injury suit. The damages were those resulting from the shipboard
injury that the plaintiff would have recovered but for the attorney's
negligence. Like the claim in the instant suit, the character of the injury
was physical in nature. 

 Henry also cites Porter & Clements v. Stone, 935 S.W.2d 217,
220-22 (Tex. App.--Houston [1st Dist.] 1996, no writ), in support of his
position that arbitration agreements in attorney-client contracts have
been upheld by Texas courts. In Porter, the Houston Court of Appeals
held that an arbitration agreement in a fee agreement applied to legal
malpractice and misrepresentation claims, even though the only
examples of covered disputes expressly stated within the agreement
were fee-related. Id. at 220. In Porter, however, the parties did not
dispute either the existence of the arbitration agreement or that it
encompassed the claims at issue. Id. The only issue before the court--and the only issue addressed by the court--was whether the arbitration
was binding. The issue of whether a legal malpractice claim is a
personal injury action within the meaning of section 171.002(a)(3) was
not addressed by the court. 

 Similarly, in Gonzalez, 18 S.W.3d at 690, the San Antonio Court
of Appeals focused on whether the attorneys' termination of the
attorney-client contract also terminated application of the mandatory
arbitration clause. See id. The court held that an arbitration agreement
contained within a contract survives the termination or repudiation of
the contract as a whole. Id. The San Antonio Court did not address
whether a legal malpractice claim is a personal injury action excluded
from the scope of the TAA by section 171.002(a)(3).

 Because we conclude the arbitration agreement is unenforceable
because the agreement falls within the personal injury exception, we
need not address Godt's arguments that the agreement is
unenforceable on public policy grounds.(7) 

 We hold the trial court clearly abused its discretion in granting
Henry's motion to compel arbitration because the agreement is
unenforceable under the TAA. Accordingly, we conditionally grant a
writ of mandamus. We hereby order the trial court to enter an order
vacating its order of May 4, 2000 compelling arbitration in this case and
to enter an order denying the motion to compel arbitration. If the trial
judge enters an order in compliance with this order, the writ will not
issue. 


 _________________________________

 LINDA REYNA YAÑEZ

 Justice

Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

24th day of August, 2000.





1. Pamela Godt seeks relief individually and on behalf of her minor children,
Josh Vineyard and Nicholas Cluff. 
2. Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001, et. seq. (Vernon Supp. 2000). 
The trial court's order compelling arbitration does not specifically refer to either the
Texas arbitration statute or the Federal Arbitration Act (FAA). See 9 U.S.C. § 1 et. seq. 
In his motion to compel arbitration, Henry argued that he was entitled to arbitration
under both the TAA and the FAA. The trial court's findings of fact and conclusions
of law, however, refer only to the TAA, and in this proceeding, Henry argues only that
arbitration is proper under the Texas statute.
3. The record before us does not reflect the status of this petition.
4. Tex. Bus. & Com. Code Ann. § 17.41 et seq. (Vernon 1987 and Supp. 2000).
5. Section 171.002(a)(3) of the civil practice and remedies code provides, in
pertinent part:


§ 171.002. Scope of Chapter

 (a) This chapter [TAA] does not apply to:

 . . . .

 (3) a claim for personal injury, except as provided by
Subsection (c);

 . . . .

 (c) A claim described by Subsection (a)(3) is subject to this
chapter if:

 (1) each party to the claim, on the advice of counsel, agrees
in writing to arbitrate; and

 (2) the agreement is signed by each party and each party's
attorney.


Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a)(3), (c) (Vernon Supp. 2000).
6. The FAA "applies to all suits in state or federal court when the dispute
concerns 'a contract evidencing a transaction involving commerce.'" Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 269-70 (Tex. 1992) (citing 9 U.S.C. § 2); see also,
Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 281 (1995) (interpreting FAA as
requiring "that the 'transaction' in fact 'involv[e]' interstate commerce"); Cantella &
Co. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996) (party seeking to compel
arbitration under FAA must present sufficient evidence to establish its right to
arbitrate under FAA); Phillips Petroleum Co. v. Marathon Oil Co., 794 F.2d 1080, 1082
(5th Cir. 1986) (per curiam) (holding that explicit findings regarding interstate
commerce are not required for application of the FAA on appeal, because the district
court specifically found that "federal law governed the arbitrability of the dispute. 
Inherent in such a finding is that the contract [involved] interstate commerce"); E.C.
Ernst, Inc. v. Manhattan Constr. Co. of Tex., 551 F.2d 1026, 1040 n.36 (5th Cir. 1977)
(applying the FAA even though the trial court made no "explicit finding" concerning
interstate commerce, because the contract at issue "obviously is a transaction
involving commerce"), cert. denied, 434 U.S. 1067 (1978). In the present case, the
underlying transaction dispute does not in any way relate to interstate commerce and
we conclude the FAA is inapplicable.
7. We note, however, that rule 1.08(g) of the Texas Disciplinary Rules of
Professional Conduct provides, in relevant part:


A lawyer shall not make an agreement prospectively limiting the
lawyer's liability to a client for malpractice unless permitted by law and
the client is independently represented in making the agreement, . . .


Tex. R. Prof. Cond. 1.08(g), reprinted in Tex. Gov't. Code Ann., tit. 2, subtit. G app. A
(Vernon 1998) (emphasis added).