**Gene SLEDGE, Appellant,**

v.

**James M. ALSUP and The Law Firm of Lynch, Chappell, Allday & Alsup, Appellees.**

No. 08–87–00272–CV.

Court of Appeals of Texas, El Paso.

Aug. 10, 1988.

Rehearing Denied Sept. 7, 1988.

Charles R. Griggs, Nunn, Griggs, Wetsel & Jones, Sweetwater, for appellant.

Perry Davis, Jr., Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, Tom McCall, Lynch, Chappell, Allday & Alsup, Midland, for appellees.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from a summary judgment in a suit seeking to recover money damages for alleged attorney malpractice in a real estate transaction. The sole ground in the motion for summary judgment was that all of the plaintiffs' claims were barred by the two-year statute of limitations. Giving effect to the recent holding in *Willis v. Maverick*, 760 S.W.2d 642 (1988). We affirm.

This is but one of many cases resulting from the devastating failure of The First National Bank of Midland. The background of that failure and some of the facts involving the parties to this suit are set forth in *Federal Deposit Insurance Corporation v. Eagle Properties, Ltd.*, 664 F.Supp. 1027, W.D.Tex.1985. As noted in substantial detail in that opinion, the bank on December 31, 1982, sold its physical plant and facilities to Eagle Properties, a limited partnership, for $75 million. One of the limited partners was the Appellant, Gene Sledge, who executed a note for $2.5 million. One of the attorneys representing the bank in the sale was James M. Alsup, a partner in the firm of Lynch, Chappell, Allday & Alsup.

In this case filed on December 31, 1986, Sledge alleged that Alsup individually, and for his firm, undertook to represent Clint Hurt, another limited partner, and himself at the closing of the sale of the bank properties. The petition purports to allege three separate causes of action under headings entitled: Breach of Contract, Legal Malpractice and Fraud. All claims arise out of the single transaction when Alsup is alleged to have advised Sledge to sign the documents which had been prepared by the bank's attorneys to close the sale to the limited partnership. The response to the motion for summary judgment contends there are fact issues in the case and that the applicable statute of limitations is the four-year statute as set forth in Tex.Civ. Prac. & Rem.Code sec. 16.004 or, alternatively, in sec. 16.051. The response does not raise any issue about application of the discovery rule in a legal malpractice case or assert that under the discovery rule the alleged causes of action did not accrue at the time of the alleged malpractice. The attached affidavit of Mr. Sledge does raise a fact issue as to his being represented by

Mr. Alsup at the closing on December 31, 1982.

Appellant presents five points of error, all asserting that the trial court erred in holding the plaintiff's causes of action were barred by the two-year statute of limitations. For purposes of this appeal, we assume that Mr. Alsup was representing Mr. Sledge at the closing of the sale of the bank properties to Eagle Properties and that there was malpractice in that representation. The one issue raised by the motion for summary judgment is whether a claim for such malpractice is barred by the two-year statute of limitations as set forth in Tex.Civ.Prac. & Rem.Code sec. 16.003. We conclude that it is.

In *Willis v. Maverick*, the Supreme Court said:

A cause of action for legal malpractice is in the nature of a tort and is thus governed by the two-year limitations statute. *First National Bank of Eagle Pass v. Levine*, 721 S.W.2d 287 (Tex.1986).

Nothing is to be gained by fracturing a cause of action arising out of bad legal advice or improper representation into claims for negligence, breach of contract, fraud or some other name. If a lawyer's error or mistake is actionable, it should give rise to a cause of action for legal malpractice with one set of issues which inquire if the conduct or omission occurred, if that conduct or omission was malpractice and if so, subsequent issues on causation and damages. Nothing is to be gained in fracturing that cause of action into three or four different claims and sets of special issues. That is not in accordance with the recent trend in this state to simplify issues which are presented to a jury. Tex.R.Civ. P. 277; *Lemos v. Montez*, 680 S.W.2d 798 (Tex.1984). The real issue remains one of whether the attorney exercised that degree of care, skill and diligence as lawyers of ordinary skill and knowledge commonly possess and exercise. *Willis v. Maverick; Cook v. Irion*, 409 S.W.2d 475 (Tex.Civ. App.—San Antonio 1966, no writ).

Although it has generally been recognized that there can be several theories under which recovery might be sought, the ultimate issue is whether there has been a breach of duty which causes damage. In discussing the selection of a theory of recovery, one text concludes:

Regardless of how the undertaking to exercise ordinary skill and knowledge is characterized, the essential tort is legal malpractice, since any of the theories share the same facts and usually reach the same result.

Ronald E. Mallen and Victor B. Levit, *Legal Malpractice*, Second Edition, Section 100 (1981).

In *Willis v. Maverick*, the Court not only recognized legal malpractice as a tort, it also recognized that the discovery rule should apply. David J. Meiselman, *Attorney Malpractice; Law and Procedure* (1980), Section 5:2 discusses the application of a statute of limitations to the various theories of recovery and states:

[W]here the tort statute of limitations applies, the court has more flexibility and the plaintiff stands a better chance of surviving a defendant-attorney's statute of limitations attack. This is so because the concept of tort, as opposed to that of contract, recognizes the "discovery rule," that is, that the statute of limitations may not begin to run until the plaintiff has discovered or should reasonably have discovered that damage has been sustained as a result of the attorney's alleged negligence. An additional benefit of the tort application for the plaintiff is not having to overcome the potential defense of "lack of privity" almost always applicable to contract cases.

While an argument can be made that under allegations of fraud a cause of action does not arise at the time of the malfeasance because of a concealment of legal errors or omissions, when the discovery rule is applied to a tort cause of action an injured party has suffered no disadvantage by labeling all errors or omissions as legal malpractice. *Legal Malpractice*, Second Edition, *supra*, Section 387 states that "the simplest way out of the morass of state statutes designed for contracts, personal injuries, property damage or undefined but remaining liabilities, would be through the

utilization of a statute specifically applicable to malpractice." While Texas has no such statute, the same results are reached by labeling all claims against an attorney as legal malpractice and applying the two-year limitations statute as the Court did in the *Maverick* case. If the malfeasance is not immediately known, then the discovery rule may be relied upon under the holding in that case. Points of Error Nos. One through Five are overruled.

The judgment of the trial court is affirmed.