David ASKANASE, Trustee, and Fitness Corporation of America, Plaintiffs,

v.

Tom J. FATJO, Jr., et al., Defendants.

Civ. A. H–91–3140.

United States District Court, S.D. Texas.

July 21, 1993.

Rhett G. Campbell, Morris & Campbell, Houston, TX, for David Askanase, Trustee, and Fitness Corporation of America.

Robert L. Ketchand, Short & Ketchand, Houston, TX, for Tom J. Fatjo, Jr., Parkgate, Inc.

Timothy R. McCormick, Thompson & Knight, Dallas, TX, for Jeffrey A. Bair.

Edmund Lee Haag, III, Fulbright & Jaworski, Houston, TX, for Bayou Park Club Partnership, Houstonian Holdings Partnership, Ahmed Mannai, Fitness Inv., N.V., Mannai Inv. Co., Inc., Xantor, Inc., Parkgate Associated, Ltd., Hfund, Inc.

John Wesley Wauson, Wauson & Associates, Houston, TX, for Ron Hemelgarn, Great Lakes Leasing Agency Intern., H. & C. Intern., Hemelgarn Racing, Inc.

John Wesley Wauson, Wauson & Associates, Susan J. Brandt, Thelan Marrin Johnson & Bridges, Houston, TX, for Beechmont Partnership, Coordinated Spa Services, Inc., Twenty–First Century, Kenneth O. Melby.

Susan J. Brandt, Thelan Marrin Johnson & Bridges, Houston, TX, for Newtowne Enterprises, Inc., John Snideman.

Richard W. McLaren, Jr., Ernst & Young, Associate Gen. Counsel, Cleveland, OH, Morton Lee Susman, Weil Gotshal & Manges, Houston, TX, for Ernst & Young.

Frank G. Jones, Fulbright & Jaworski, Houston, TX, for Housprops Inc., Peter M. Jackson, Houstonian Estates Inv. Co., N.V.

Jay J. Madrid, Winstead Sechrest & Minick, Dallas, TX, for Alexander M. Milley, Pacific Asset Holdings, L.P.

Ronald J. Restrepo, Houston, TX, for Roger A. Ramsey.

John Wesley Wauson, Wauson & Associates, Pauline Ng Lee, Thelen Marrin Johnson & Bridges, Houston, TX, for John Snideman, Financial Services Corp., Management Accounting, Inc.

Albert Solochek, Andrew N. Herbach, Howard Solochek & Weber, Milwaukee, WI, for Gerald M.H. Stein, Joseph J. Zilber, JZL, Ltd., ZL Co., Inc., Zilber, Inc., Zilber, Ltd.

Jerry P. Jones, Dallas, TX, for Thomas J. Tierney.

Jerry P. Jones, Timothy R. McCormick, Thompson & Knight, Dallas, TX, for Thomas J. Tierney, Criterion Marketing, Inc., Criterion Marketing, Ltd.

Lucy P. Seward, Golden & Associates, Houston, TX, for Philip A. Troskey.

Morton Lee Susman, Weil Gotshal & Manges, Houston, TX, for Weil Gotshal & Manges.

## ORDER OF ADOPTION

HITTNER, District Judge.

The Court has reviewed the Memorandum and Recommendation of the United States Magistrate Judge signed on June 11, 1993 with respect to Ernst & Young's Motion to Dismiss Counts VIII and IX of the Amended Complaint (Docket Entry # 195). The Court finds the Memorandum and Recommendation should be, and the same is hereby, adopted as the Court's Memorandum and Order. Accordingly, it is

ORDERED that Ernst & Young's Motion to Dismiss Count VIII of the Amended Complaint is GRANTED. It is further

ORDERED that Ernst & Young's Motion to Dismiss Count IX of the Amended Complaint is GRANTED as to Plaintiff Fitness Corporation of America and is DENIED as to Plaintiff David Askanase, Trustee.

## MEMORANDUM AND RECOMMENDATION

CRONE, United States Magistrate Judge.

Pending before the court is Defendant Ernst & Young's Motion to Dismiss Counts VIII and IX of Amended Complaint for Failure to State a Claim upon Which Relief can be Granted (Docket Entry # 195), its brief in support of its motion (Docket Entry # 196), and Plaintiffs' Response and Opposition to the Motion (Docket Entry # 228). All pretrial matters were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) (Docket Entry # 334). After careful review of the pending motion and response, the briefs in support, and the arguments of counsel, this Court recommends that Defendant's motion be granted in part and denied in part.

### I. *Background.*

This action was brought by Plaintiffs David Askanase, bankruptcy trustee for LivingWell, Inc. ("Livingwell") (and its three bankrupt subsidiaries, LivingWell (North), LivingWell (South), and LivingWell (Midwest)), and Fitness Corporation of America ("FCA"), LivingWell's nonbankrupt subsidiary. The Original Complaint was filed on October 25, 1991. In the Amended Complaint, filed August 31, 1992, Plaintiff seeks to recover from insiders, officers, and directors monies received by them when the companies purportedly were insolvent and damages for injuries to the companies allegedly caused by them.

In counts VIII and IX of the Amended Complaint, Plaintiffs also seek recovery from Ernst & Young ("E & Y"), (formerly known as Ernst & Whinney ("E & W")), LivingWell's auditors, whom Plaintiffs claim performed an imprudent and improper audit. Plaintiffs allege that E & W learned facts from which it concluded or should have concluded that LivingWell and its subsidiaries were insolvent, had a severe liquidity crisis, had insufficient funds to meet its operating requirements, had inadequate controls, and had substantial irregularities in sales activities. On March 31, 1987, E & W issued its audit opinion for the year ending December 31, 1986, showing that the company had a positive net worth of over $47 million, and advised the board of directors that LivingWell had earned $1.7 million from continuing operations in 1986, which Plaintiffs contend were false and misleading statements. Plaintiffs assert that if E & W had performed a proper audit and given appropriate advice to the board of directors, management would have been forced to place LivingWell and its subsidiaries into insolvency or bankruptcy proceedings at an earlier date, which would have benefited the companies. Plaintiffs further allege that LivingWell, through its independent directors or a majority of its shareholders, did not know and could not have known in the exercise of reasonable diligence of the wrongful acts and omissions prior to October 27, 1987. Accordingly, Plaintiffs contend that limitations were tolled until at least October 27, 1987, two years prior to the date the bankruptcy petition was filed. Alternatively, Plaintiffs assert that limitations were tolled under the doctrine of adverse domination until October 27, 1989, the date of the bankruptcy filing. Plaintiffs use these facts as a basis for Count VIII, charging E & Y with breach of contract, and Count IX, charging E & Y with professional negligence.

Defendant E & Y moves to dismiss Counts VIII and IX under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. E & Y contends that Count VIII, the breach of contract claim, should be dismissed because a claim for breach of a professional's duty of care sounds strictly in tort, not in contract. E & Y further asserts that Count IX, the claim for professional negligence, should be dismissed as time-barred because the companies' officers and directors were fully apprised of the alleged deficiencies in E & Y's audit more than two years before this lawsuit was filed.

II. *Analysis.*

### A. The Applicable Standards Under Rule 12(b)(6).

 A motion to dismiss under Rule 12(b)(6) tests only the formal sufficiency of the statements of the claims for relief. It is not a procedure for resolving contests about the facts or merits of the case. In ruling on a motion to dismiss, the Court must take the plaintiffs' allegations as true, view them in a light most favorable to plaintiffs, and draw all inferences in favor of the plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Garrett v. Commonwealth Mortgage Corp. of Am.,* 938 F.2d 591, 593 (5th Cir.1991). The motion must be denied unless it appears to a certainty that plaintiffs can prove no set of facts that would entitle them to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992); *Garrett,* 938 F.2d at 594. Where the issue of limitations requires a determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law. *Sisseton–Wahpeton Sioux Tribe v. United States,* 895 F.2d 588, 591 (9th Cir.1990), *cert. denied,* 498 U.S. 824, 111 S.Ct. 75, 112 L.Ed.2d 48 (1990).

### B. Count VIII—Breach of Contract.

Although Plaintiffs characterize their claims as resting on both breach of contract and professional negligence, they use the same set of facts as the foundation for both claims. As the basis for their contract claim, Plaintiffs allege that E & W "contracted with LivingWell to perform an audit in conformance with generally accepted auditing standards, consistently applied," and "in a good, workmanlike manner, consistent with that of a prudent and proper certified public ac-

counting firm." Then, Plaintiffs claim that E & W breached this contract by failing "to properly and prudently conduct an audit of LivingWell and its subsidiaries." Plaintiffs further contend that E & W rendered an audit opinion that was false and materially misleading and failed to disclose material negative information to LivingWell's board of directors. The thrust of Plaintiffs' allegations is that, in performing the 1986 audit of LivingWell, E & W failed to perform up to the standard expected of a reputable certified public accounting firm. In essence, therefore, Plaintiffs' claim is nothing more than a claim for breach of a professional's duty, thinly disguised as a contract claim.

 Under Texas law, such a claim sounds only in tort.[1] *See, e.g., FDIC v. Ernst & Young,* 967 F.2d 166, 172 (5th Cir.1992); *American Medical Elec., Inc. v. Korn,* 819 S.W.2d 573, 576 (Tex.App.—Dallas 1991, writ denied); *University Nat'l Bank v. Ernst & Whinney,* 773 S.W.2d 707, 710 (Tex.App.— San Antonio 1989, no writ); *Sledge v. Alsup,* 759 S.W.2d 1, 2 (Tex.App.—El Paso 1988, no writ); *Citizens State Bank v. Shapiro,* 575 S.W.2d 375, 386 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). The courts recognize that nothing is to be gained by fracturing a professional malpractice claim into three or four different claims and sets of special issues. *See Ernst & Young,* 967 F.2d at 172; *Sledge,* 759 S.W.2d at 2. Because Plaintiffs have failed to plead a set of facts to support a breach of contract claim, Count VIII should be dismissed.

### C. Count IX—Professional Negligence.

 Plaintiffs' claim for professional negligence is subject to a two-year statute of limitations under Texas law. The two-year period prescribed in Tex.Civ.Prac. & Rem. Code Ann. § 16.003(a) (Vernon 1986) applies to causes of actions premised upon the professional negligence of either attorneys or accountants. *See, e.g., In re Gleasman,* 933 F.2d 1277, 1280 (5th Cir.1991); *Simpson v.*

---

1. Plaintiffs' reliance on *Jampole v. Matthews,* 857 S.W.2d 57 (Tex.App.—Houston [1st Dist.], 1993), is misplaced. The dispute in that case involved an alleged breach of an attorney's contingent fee agreement. Plaintiffs here do not assert a fee agreement as the basis for their claims, nor do they allege that E & W breached any arrangement they had with LivingWell with respect to fees.

*James,* 903 F.2d 372, 375 (5th Cir.1990); *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex. 1988); *Woodbine Elec. Serv., Inc. v. McReynolds,* 837 S.W.2d 258, 259 (Tex.App.—Eastland 1992, no writ); *Sledge,* 759 S.W.2d at 2; *Russell v. Campbell,* 725 S.W.2d 739, 744 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Under § 16.003(a), for a suit to be timely under the two-year statute, it must be brought within two years following the date the cause of action accrues.

The courts of Texas utilize the discovery rule in determining when a cause of action for professional negligence accrues. *See, e.g., Simpson,* 903 F.2d at 375; *Willis,* 760 S.W.2d at 645; *Woodbine Elec. Serv.,* 837 S.W.2d at 262; *Sledge,* 759 S.W.2d at 2. Under the discovery rule, a cause of action does not accrue until the claimant discovers or, in the exercise of reasonable diligence, should have discovered the facts establishing the elements of his cause of action. *Simpson,* 903 F.2d at 375; *Gleasman,* 933 F.2d at 1281; *Willis,* 760 S.W.2d at 646; *Woodbine Elec. Serv.,* 837 S.W.2d at 262. The discovery rule is applied because a layperson may have great difficulty recognizing an injury from professional malpractice when it occurs. *Gleasman,* 933 F.2d at 1282; *Willis,* 760 S.W.2d at 645. In order to raise the discovery rule in federal court, the plaintiff need not expressly plead the rule; it is enough that the plaintiff plead sufficient facts to put the defense on notice of the theories upon which the complaint is based. *Simpson,* 903 F.2d at 372. In the instant case, Plaintiffs have pled sufficient facts in ¶ 458 of their Amended Complaint to bring the discovery rule into play.

Plaintiffs further rely on a provision of the Bankruptcy Code as a basis for tolling. Plaintiff Askanase, as the Chapter 7 Trustee of the LivingWell entities, is entitled to the benefit of the statutory tolling of limitations set forth in 11 U.S.C. § 108(a)(2) (Supp. 1992). Section 108(a)(2) extends for two years beyond October 27, 1989, the date of the original bankruptcy filing, the period in which Askanase could commence an action on any claim that had not expired as of the bankruptcy filing date. Thus, accepting as true Plaintiffs' assertions in their Amended Complaint that their claim for professional negligence was tolled until at least October 27, 1987, the claim was still in existence on the date of the bankruptcy filing. Accordingly, Plaintiffs assert that as to Plaintiff Askanase, the claim was extended for an additional two years, and suit was timely brought on October 25, 1989.[2] The Court agrees with Plaintiffs' analysis.

Defendant E & Y contends, however, that certain officers and directors of LivingWell were aware of facts giving rise to the claim for professional negligence well before October 27, 1987. Thus, E & Y argues, even under the discovery rule, Plaintiffs' claims for professional negligence are time-barred because the knowledge of these officers and directors is imputed to Plaintiffs. E & Y overlooks the long line of federal and Texas cases that rejects the notion that an agent's knowledge is always attributable to his principal. Instead, imputation turns on whether the agent was acting for or against the principal's interests; knowledge acquired by an agent acting adversely to his principal is not attributable to the principal. *See, e.g., FDIC v. O'Melveny & Meyers,* 969 F.2d 744, 750 (9th Cir.1992); *Schacht v. Brown,* 711 F.2d 1343, 1347–48 (7th Cir.1983), *cert. denied,* 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 698 (1983); *IIT, an Int'l Inv. Trust v. Cornfeld,* 619 F.2d 909, 930 (2d Cir.1980); *FDIC v. Lott,* 460 F.2d 82, 88 (5th Cir.1972); *FDIC v. Nathan,* 804 F.Supp. 888, 894 (S.D.Tex.1992); *Greenstein, Logan & Co. v. Burgess Mktg., Inc.,* 744 S.W.2d 170, 190 (Tex.App.—Waco 1987, writ denied); *Odom v. Insurance Co. of the State of Pa.,* 441 S.W.2d 584, 591 (Tex.Civ.App.—Austin 1969), *aff'd,* 455 S.W.2d 195 (Tex.1970).

An agent's knowledge is not imputed to his principal if he acts entirely for his own or another's purposes. *FDIC v. Shrader & York,* 991 F.2d 216, 223 (5th Cir. 1993). In a case of joint interests, however,

---

**2.** Plaintiffs concede that § 108(a)(2) of the Bankruptcy Code does not apply to FCA. In a telephone conference with the Court and counsel for E & Y on March 8, 1993, Plaintiffs' counsel expressly withdrew any claim for professional negligence asserted by FCA.

knowledge is imputed even though the agent's primary interest is inimical to that of his principal. *Id.*

██ Although the Fifth Circuit found attribution to · be appropriate in *Shrader & York* and *Ernst & Young,* the court made clear that attribution rests on whether the insider acted on behalf of the corporation or adverse to it. *Shrader & York,* 991 F.2d at 223; *Ernst & Young,* 967 F.2d at 171. In *Ernst & Young,* the court recognized that its holding was a narrow one, turning on the specific facts of that case, where the dominating shareholder acted on the corporation's behalf as well as his own and neither the shareholder nor the corporation relied on the defendant's audit. *Id.; see Nathan,* 804 F.Supp. at 893–94. In *Shrader & York,* the court granted summary judgment in favor of defendants because the FDIC failed to produce adequate summary judgment evidence that the institution's majority shareholder, and for a period of time, sole shareholder, who served also as chairman of the board and chief executive officer, acted adversely to or committed fraud against the institution so as to preclude the imputation of his knowledge to the corporation. *Shrader & York,* 991 F.2d at 224.

The situation in the instant case, however, is more akin to that in *Schacht* and *Nathan.* In *Schacht,* the complaint, like in the present case, alleged a far-reaching scheme in which, as a consequence of the illegal activities of a corporation's directors and outside defendants, the corporation was fraudulently continued in business past its point of insolvency and systematically looted of its most profitable and least risky business as well as millions of dollars in income, which in turn aggravated the insolvency. 711 F.2d at 1348. The court concluded that in no way could those results be described as beneficial to the corporation. *Id.* Likewise, in *Nathan,* Judge Harmon held that for purposes of a motion to dismiss, the alleged wrongdoing of insiders should not be imputed to the corporation, where they allegedly filled their own pockets while fraudulently extending the life of the institution they continued to milk, thereby intensifying the deficiencies that would push the institution into insolvency.

804 F.Supp. at 894. In the instant case, a fact issue would seem to exist as to whether the officers and directors of LivingWell were acting entirely in their own interest and to the detriment of the corporation, such that their knowledge should be imputed to Plaintiff Askanase. Accordingly, a Rule 12(b)(6) dismissal at this juncture would be improper, as it cannot be said that Plaintiffs could prove no set of facts entitling them to relief.

██ Plaintiffs further contend that even if the knowledge of LivingWell's officers and directors were attributable to the corporation, suit was timely filed because limitations were tolled under the doctrine of adverse domination. The adverse domination doctrine provides that while culpable individuals continue to have superior power over a corporation, limitations are tolled until a majority of disinterested directors discover or are put on notice of a cause of action. *Nathan,* 804 F.Supp. at 894 (citing *Cornfeld,* 619 F.2d at 909; *FDIC v. Howse,* 736 F.Supp. 1437, 1442 (S.D.Tex.1990); *Allen v. Wilkerson,* 396 S.W.2d 493, 500 (Tex.Civ.App.— Austin 1965, writ ref'd n.r.e.)). Under Texas law, the adverse domination tolling rule is presumed to apply if the allegedly culpable directors constitute a majority of the board of directors. *See Howse,* 736 F.Supp. at 1441. Tolling is considered appropriate because where culpable directors and officers control a corporation, they are unlikely to initiate lawsuits or investigations for fear that such actions would simply focus attention on their own wrongdoing. *Cornfeld,* 619 F.2d at 930; *RTC v. Gardner,* 798 F.Supp. 790, 795 (D.D.C.1992); *Howse,* 736 F.Supp. at 1442. The adverse domination tolling theory is recognized by the courts of Texas and has been held to be part of the federal common law. *See Farmers & Merchants Nat'l Bank v. Bryan,* 902 F.2d 1520, 1522 (10th Cir.1990); *Allen,* 396 S.W.2d at 500; *International Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567, 580 (Tex.1963).

██ E & Y contends that the adverse domination principle does not apply to claims against third parties but only to actions against the culpable directors and officers themselves. While the doctrine initially developed in the context of insider litigation, in

recent years, it has been greatly expanded to include claims against outsiders, as well. *See, e.g., Bornstein v. Poulos,* 793 F.2d 444, 447–49 (1st Cir.1986) (attorney); *Mosesian v. Peat, Marwick, Mitchell & Co.,* 727 F.2d 873, 879 (9th Cir.1984), *cert. denied,* 469 U.S. 932, 105 S.Ct. 329, 83 L.Ed.2d 265 (1984) (auditors); *Cornfeld,* 619 F.2d at 930 (accountants, stockbrokers, underwriters); *FDIC v. Gantenbein,* No. 90–2303–V, 1992 WL 279772 (D.Kan. Sept. 30, 1992) (attorney); *Nathan,* 804 F.Supp. at 895 (attorneys); *Gardner,* 798 F.Supp. at 795 (attorneys); *In re American Continental Corp.,* 794 F.Supp. 1424, 1453 (D.Ariz.1992) (attorneys); *FSLIC v. Williams,* 599 F.Supp. 1184, 1194 (D.Md. 1984) (lower level employee). In its initial filing, E & Y relied heavily on *FDIC v. Shrader & York,* 777 F.Supp. 533, 535 (S.D.Tex.1991), *aff'd,* 991 F.2d 216 (5th Cir. 1993), to sustain its position that the adverse domination principle does not apply to toll limitations against third parties. The district court in *Shrader & York* gave no basis for its reasoning, but concluded merely that it saw no justification for applying the adverse domination theory to a third-party law firm.

Two decisions subsequent to the lower court opinion in *Shrader & York,* one also out of the Southern District of Texas, criticized the initial *Shrader & York* holding and refused to follow it. *See Nathan,* 804 F.Supp. at 894 n. 6; *Gardner,* 798 F.Supp. at 795 n. 6. In fact, Judge Harmon recognized in *Nathan* a clear trend toward adoption of the adverse domination doctrine in circumstances such as these where there was no disinterested majority of shareholders to receive notice or discover wrongdoing. 804 F.Supp. at 895. The rationale for applying the adverse domination theory in cases against culpable officers and directors of a corporation seems equally persuasive when the defendant is an outsider accused of failing to detect, report, or take remedial measures to forestall the financial demise of a company. Culpable insiders are no more likely to sue an outside accounting firm like E & Y than they are to sue themselves, because either action would bring to light the insiders' own misconduct. As the court noted in *Williams,* if the corporation had made claims against the third party for neglect and breach of duty, she no

doubt would have argued as a defense that the company's losses were caused or contributed to by the culpable insiders. 599 F.Supp. at 1194. As the *Williams* court further pointed out, the culpable directors would not have risked making claims for breach of duty against third parties that also might have exposed them to liability for the same. *Id.*

On appeal, however, the Fifth Circuit affirmed the district court's decision in *Shrader & York,* characterizing the adverse domination rule as a "very narrow doctrine," and stating:

> The FDIC has not produced any cases from Texas or this Court that extend the adverse domination doctrine beyond corporate officers and directors. Moreover, the FDIC does not allege that Shrader and York committed intentional torts, or conspired with Adams to defraud City or Lamar. Thus we agree with the district court that, in this particular case, Texas's discovery rule adequately addresses the FDIC's policy concern.

*Shrader & York,* 991 F.2d at 227. Because this court is bound by the Fifth Circuit's holding in *Shrader & York,* and Askanase does not allege that Ernst & Young committed intentional torts or conspired with corporate insiders to defraud LivingWell, the adverse domination principle cannot be applied in this case to toll the running of the statute of limitations against Ernst & Young.

Nevertheless, dismissal of Plaintiff Askanase's negligence claim against E & Y is not warranted on statute of limitations grounds. Plaintiffs could show that the discovery rule, when coupled with statutory tolling under 11 U.S.C. § 108(a)(2), preserved Askanase's claim for professional negligence, thus making it timely when filed on October 25, 1991.

### III. *Conclusion.*

Based on the foregoing, this Court RECOMMENDS that E & Y's motion to dismiss Count VIII of the Amended Complaint be GRANTED. This Court likewise RECOMMENDS that E & Y's motion to dismiss Count IX of the Amended Complaint as to Plaintiff FCA be GRANTED. This Court

further RECOMMENDS that E & Y's motion to dismiss Count IX of the Complaint as to Plaintiff Askanase be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties. Under Fed.R.Civ.P. 72, the parties have ten days from receipt to file specific, written objections to the Memorandum and Recommendation. Failure to file written objections bars an attack on the factual findings on appeal. The original of any written objections must be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208. Copies of the objections must be mailed to opposing parties and to the chambers of the magistrate judge, P.O. Box 610070, Houston, Texas 77208.

SIGNED in Houston, Texas on this the 11th day of June, 1993.