In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00113-CV


______________________________




MARTHA S. HUGHEY HAAS, Appellant



V.



SAMUEL M. GEORGE, Appellee




 


On Appeal from the 241st Judicial District Court


Smith County, Texas


Trial Court No. 99-519-C




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Martha Haas appeals from the granting of Samuel George's motion for summary
judgment. Haas filed suit against George in 1999 for alleged legal malpractice committed
by George during his representation of her during her divorce proceedings. She
specifically alleged negligence, gross negligence, breach of fiduciary duties, breach of
contract, violations of the Deceptive Trade Practices Act (DTPA), and conversion of
money.

 Haas contends the trial court erred: 1) in granting George's motion for summary
judgment on her claims for legal malpractice; 2) in permitting George to file "supplemental
papers" in support of his motion for summary judgment without providing her a reasonable
opportunity to respond; 3) in granting George's no-evidence motion for summary judgment
on her claim of conversion of money; 4) in granting George's motion for summary judgment
on her claims of breach of fiduciary duties, breach of contract, and violations of the DTPA;
and 5) by denying her motion to order preservation of evidence in the possession of the
law firm of Potter, Minton, Roberts, Davis, and Jones (Potter law firm).

 In 1989, Haas hired George to represent her in divorce proceedings against her
husband, Gaylord Hughey. A final decree of divorce was rendered by the trial court on
February 14, 1991. That decree incorporated an agreement incident to divorce in which
Haas was to receive $4,333.00 a month in child support, but one half of which was called
"alimony." Haas contends George explained to her at that time the "alimony" reference
was for Hughey's tax purposes and reassured her that all of it was for child support. 

 Following the finalization of the divorce, George represented Haas on different
occasions between 1993 and 1997 regarding child support and child custody. On March 3,
1997, Haas received a letter from George stating that the monthly payments made to Haas
were for her one half of the community estate, rather than for child support. Haas fired
George on April 2, 1997, and subsequently brought this action against him on February 26,
1999. (1)

 Haas contends George committed legal malpractice by failing to properly ascertain
the value of the community property estate, by failing to inform her of a settlement offer for
the entire community estate, by misrepresenting the nature of the child support settlement,
and by representing to her that the settlement was the best settlement she could get. She
contends she did not discover George's misconduct until after his dismissal in 1997, and
that, because of his actions, she received a grossly disproportionate share of the
community estate and entered into an agreement for an amount of child support far less
than to what she was entitled. All of these allegations stem from George's representation
of Haas during the divorce proceedings.

 In addition to these allegations, Haas also made a claim against George for
conversion of money. In 1996, Haas received a court order for back child support. Even
though Haas had paid George for the fees he had billed, she let him retain $6,000.00 out
of the total sum she received pursuant to the court order for back child support. This
retention by George was for anticipated future attorney's fees. Haas contends George
refused to reimburse her the $6,000.00 until April 1998, and then he did not pay any
interest on the $6,000.00. 

 George filed a motion for summary judgment on January 9, 2001. The trial court
held a hearing on the motion on February 7, 2001. At the hearing, George objected to
Haas' affidavit because the copy on file with the trial court was not signed or notarized. 
Haas' counsel explained this was an inadvertent error and he had a signed and notarized
affidavit in his files at the office. The trial court gave Haas until 2 p.m. the next day,
February 8, to file and serve the signed and notarized affidavit. The trial court also granted
George until the same deadline to file "supplemental papers." Haas contends she did not
have adequate time to review George's supplemental filing before the trial court rendered
judgment later that day. 

 The trial court granted summary judgment as to all claims on February 8, 2001. At
a clarification hearing the following day, the trial court explained that the entire petition and
all causes of action were dismissed. Haas then moved for a motion requiring the Potter
law firm to produce compensation records related to Hughey and to have these records
preserved. The trial court denied this motion.

 We first address Haas' fourth point of error in which she contends the trial court
granted more relief than George requested. (2) Haas contends George only moved for
summary judgment on the legal malpractice and conversion claims, not the breach of
contract, breach of fiduciary duty, and DTPA claims. If the summary judgment grants more
relief than a party is entitled to, it should be reversed and remanded. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 200 (Tex. 2001).

 Haas is correct. George did not move for summary judgment explicitly on her claims
for breach of fiduciary duty and breach of contract. Rather, George moved for summary
judgment on the "claims of legal malpractice." However, we find Haas' claims for breach
of fiduciary duty and breach of contract are encompassed in the legal malpractice claim. 
Cuyler v. Minns, 60 S.W.3d 209, 216 (Tex. App.-Houston [14th Dist.] 2001, pet. denied)
(breach of contract and breach of fiduciary duty claims represent impermissible fracturing
of legal malpractice claim); Sledge v. Alsup, 759 S.W.2d 1, 2 (Tex. App.-El Paso 1988, no
writ) ("If a lawyer's error or mistake is actionable, it should give rise to a cause of action for
legal malpractice with one set of issues which inquire if the conduct or omission occurred,
if that conduct or omission was malpractice and if so, subsequent issues on causation and
damages."); see also Ross v. Arkwright Mut. Ins. Co., 892 S.W.2d 119, 133-34 (Tex.
App.-Houston [14th Dist.] 1994, no writ) (discussing state's public policy against splintering
claims). In Cuyler, the court found the appellant's claims for breach of contract and breach
of fiduciary duty arose from the same set of facts and circumstances as the alleged
malpractice, and because summary judgment on the alleged malpractice was proper,
summary judgment on those claims was proper. Cuyler, 60 S.W.3d at 216; see also Smith
v. Heard, 980 S.W.2d 693, 697 (Tex. App.-San Antonio 1998, pet. denied). This case is
similar to Cuyler, in that the claims for breach of fiduciary duty and breach of contract arise
out of the same set of facts as the claims for legal malpractice and George properly moved
for summary judgment on these grounds. 

 The same is not true, however, for Haas' claims under the DTPA. Such claims are
not part of the legal malpractice claim, and a review of the record supports Haas'
contention that George did not file a motion for summary judgment on the DTPA claims. 
It is error for a trial court to grant more relief in a summary judgment than a party was
entitled to. Lehmann, 39 S.W.3d at 200. We therefore sustain Haas' fourth point of error,
but only as to the DTPA claims.

 In her first point of error, Haas contends the trial court erred in granting George's 
motion for summary judgment on her claims for legal malpractice. In answer to those
claims, George asserted they are barred by the "applicable statute of limitations." Haas
responded by pleading the discovery rule and fraudulent concealment as affirmative
defenses. George's motion for summary judgment, filed pursuant to Tex. R. Civ. P.
166a(i), alleged that any injury to Haas occurred in August 1990 when she and Hughey
entered into the agreement incident to divorce and there is no evidence to show the
discovery rule or fraudulent concealment apply. 

 Because a no-evidence summary judgment is essentially a pretrial directed verdict,
we apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 70 (Tex. App.-Austin 1998, no pet.). Therefore, our task as an appellate court
is to ascertain whether the nonmovant produced any evidence of probative force to raise
a fact issue on the material questions presented. Id. We consider all the evidence in the
light most favorable to the party against whom the no-evidence summary judgment was
rendered, disregarding all contrary evidence and inferences. Merrell Dow Pharms., Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is
improperly granted if the nonmovant presents more than a scintilla of probative evidence
to raise a genuine issue of material fact. Jackson, 979 S.W.2d at 70-71. More than a
scintilla of evidence exists when the evidence "rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions." Havner, 953 S.W.2d at
711. 

 The Texas Supreme Court has held that a cause of action for legal malpractice is
in the nature of a tort and is therefore governed by the two-year limitations statute. Willis
v. Maverick, 760 S.W.2d 642, 644 (Tex. 1988); First Nat'l Bank v. Levine, 721 S.W.2d 287
(Tex. 1986); see also Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2002);
Apex Towing Co. v. Tolin, 41 S.W.3d 118, 120 (Tex. 2001). Limitations generally begin
to run when the cause of action accrues, which means when facts have come into
existence that authorize a claimant to seek a judicial remedy. Apex, 41 S.W.3d at 120;
Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 514 (Tex.
1998); Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990). The
question of when a cause of action accrues is a question of law for the court. Moreno v.
Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990); Guillot v. Smith, 998 S.W.2d 630,
632 (Tex. App.-Houston [1st Dist.] 1999, no pet.).

 Hughey and Haas signed an agreement incident to divorce in August 1990, which
divided the community estate and provided for child support. This agreement was later
incorporated into the divorce decree rendered February 14, 1991. Haas' contentions for
malpractice focus on George's actions before the signing of the agreement. She contends
he failed to conduct proper and adequate discovery; failed to investigate the true nature
and extent of the community estate; failed to investigate Hughey's income potential; failed
to retain or consult with competent independent appraisers or other experts in relation to
the value of the community estate; advised her to accept the settlement set forth in the
agreement; and failed to notify her of a settlement offer, all pursuant to the signing of the
agreement incident to divorce. She contends these actions resulted in her receiving a
disproportionate share of the community estate and less child support than she might
otherwise have received. Haas' alleged injury occurred as a result of her entering into the
agreement incident to divorce on or about August 29, 1990.

 Because the trial court did not specify the grounds on which it granted the motion
for summary judgment, we may affirm on any meritorious ground presented to the trial
court. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). When there
are multiple grounds for summary judgment and the order does not specify the ground on
which the summary judgment was granted, as here, an appellant must negate all grounds
on appeal. Lewis v. Adams, 979 S.W.2d 831, 833 (Tex. App.-Houston [14th Dist.] 1998,
no pet.); see S.S., 858 S.W.2d at 381. If the appellant fails to negate each ground on
which the judgment may have been granted, the appellate court must uphold the summary
judgment. Lewis, 979 S.W.2d at 833; see S.S., 858 S.W.2d at 381. 

 The discovery rule exception defers the accrual of a cause of action until the plaintiff
knew, or through the exercise of reasonable diligence should have known, of the facts
giving rise to the cause of action. Trinity River Auth. v. URS Consultants, Inc., 889 S.W.2d
259, 262 (Tex. 1994); Moreno, 787 S.W.2d at 351. The discovery rule therefore delays
the commencement of the limitations period when the nature of the injury is inherently
undiscoverable and evidence of the injury is objectively verifiable. See Computer Assocs.
Int'l, Inc. v. Altai, Inc., 918 S.W.2d 453, 456 (Tex. 1996); Tanglewood Terrace, Ltd. v. City
of Texarkana, 996 S.W.2d 330, 337 (Tex. App.-Texarkana 1999, no pet.). These two
elements of inherent undiscoverability and objective verifiability balance these conflicting
policies in statutes of limitations: the benefits of precluding stale claims versus the risks
of precluding meritorious claims that happen to fall outside an arbitrarily set period. S.V.
v. R.V., 933 S.W.2d 1, 6 (Tex. 1996). An injury is inherently undiscoverable if it is the type
of injury that is not generally discoverable by the exercise of reasonable diligence. See
HECI Exploration Co. v. Neel, 982 S.W.2d 881, 886 (Tex. 1998), citing Altai, 918 S.W.2d
at 455. In order for an injury to be inherently undiscoverable, the injury need not be
absolutely impossible to discover. S.V., 933 S.W.2d at 7. The discovery of a particular
injury depends on the circumstances of the injury and the plaintiff's diligence.

 In Willis, the Texas Supreme Court extended the discovery rule to legal malpractice
actions based in part on the special relationship between attorney and client, and on the
difficulty posed for a client in determining whether or when malpractice may have occurred. 
Willis, 760 S.W.2d at 645. The discovery rule applies to legal malpractice cases, so that
in such cases, limitations does not begin to run until the client discovers, or should have
discovered through the exercise of reasonable care and diligence, the facts establishing
the elements of a cause of action. Id.

 An injury is inherently undiscoverable if it is by nature unlikely to be discovered
within the prescribed limitations period despite due diligence. S.V., 933 S.W.2d at 7; Altai,
918 S.W.2d at 456. A fiduciary's misconduct is inherently undiscoverable. Willis, 760
S.W.2d at 645. The reason underlying this decision is that a person to whom a fiduciary
duty is owed is either unable to inquire into the fiduciary's actions or unaware of the need
to do so. S.V., 933 S.W.2d at 8; Willis, 760 S.W.2d at 645 ("Facts which might ordinarily
require investigation likely may not excite suspicion where a fiduciary relationship is
involved."). In this legal malpractice case, Haas established a scintilla of evidence that she
did not discover the legal injury until 1997. Because this is a fiduciary relationship, and an
attorney has a duty to notify the client of settlement offers, Tex. Disciplinary R. Prof'l
Conduct 1.02(a)(2), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon
1998) (Tex. State Bar R. art. X, § 9), we find this is the type of injury that is inherently
undiscoverable. There is evidence that Haas was not present during the settlement
negotiations and that her attorney failed to tell her of a settlement offer. It is highly unlikely
she would know to question his advice or ask if any other offers were made. Therefore,
this is some evidence the injury was inherently undiscoverable. 

 We must now determine if Haas established sufficient evidence in support of the
second prong of the discovery rule, that the injury was objectively verifiable. "A person
suffers legal injury from faulty professional advice when the advice is taken." Murphy v.
Campbell, 964 S.W.2d 265, 270 (Tex. 1997). Haas' affidavit in response to George's
motion for summary judgment sets forth some proof she suffered an injury as a result of
faulty legal advice. That affidavit states that she received a disproportionate share of the
community estate because George failed to inform her of a settlement offer and that she
relied on his advice that the settlement agreement was the best she could get. Injury
resulting from faulty legal advice is objectively verifiable. Murphy, 964 S.W.2d at 271. This
is some evidence on an objectively verifiable injury. We find the trial court erred in granting
summary judgment on the ground the discovery rule is inapplicable.

 Fraudulent concealment is an affirmative defense to the statute of limitations. 
Weaver v. Witt, 561 S.W.2d 792, 793 (Tex. 1977). Fraudulent concealment is an equitable
doctrine that estops a defendant who concealed his wrongful conduct from asserting the
statute of limitations. See Borderlon v. Peck, 661 S.W.2d 907, 908 (Tex. 1983). To
establish fraudulent concealment, a plaintiff must show (1) the existence of the underlying
tort, (2) the defendant's knowledge of the tort, (3) the defendant's use of deception to
conceal the tort, and (4) the plaintiff's reasonable reliance on the deception. Arabian
Shield Dev. Co. v. Hunt, 808 S.W.2d 577, 584 (Tex. App.-Dallas 1991, writ denied). 
Because George moved for a no-evidence summary judgment regarding fraudulent
concealment, the burden shifted to Haas to bring forth a scintilla of evidence as to each of
the elements of fraudulent concealment. See Jackson, 979 S.W.2d at 70-71.

 George's no-evidence motion for summary judgment contended there was no
evidence as to (1) the existence of an underlying tort, (2) the defendant's knowledge of the
tort, (3) the defendant's use of deception to conceal the tort, or (4) the plaintiff's reasonable
reliance on the alleged deception. Haas' affidavit stating that George failed to disclose a
settlement offer and that he misrepresented the nature of the child support and alimony
is some evidence of the existence of an underlying tort. See Ranger County Mut. Ins. Co.
v. Guin, 723 S.W.2d 656, 660 (Tex. 1987) (attorney's failure to take offer to client would
support finding of negligence). Attorneys owe their clients a fiduciary duty, and as a
fiduciary an attorney is obligated to render a full and fair disclosure of facts material to the
client's representation. Willis, 760 S.W.2d at 645. A breach of a duty to disclose is
tantamount to concealment. Id. Failure to disclose in such situations constitutes
fraudulent concealment which will prevent the wrongdoer from perpetrating further fraud
by using limitations as a shield. Borderlon, 661 S.W.2d at 908 (holding physician owed
duty to patient to disclose negligent act or fact that an injury occurred, and failure to
disclose constitutes fraudulent concealment). Haas set forth some evidence of fraudulent
concealment, and the trial court erred in concluding otherwise. 

 Having determined the trial court erred in granting summary judgment on Haas'
claims for legal malpractice, we need not address her second point concerning whether the
trial court erred when it permitted George to file "supplemental papers" in support of his
motion for summary judgment. 

 In her third point, Haas contends the trial court failed to consider that the injury
resulting from her alleged conversion of money claim occurred less than two years before
her original petition was filed and thereby erred in granting George's motion for summary
judgment on this claim. Haas has inadequately briefed this point. Tex. R. App. P. 38.1(h)
provides that an appellate brief "must contain a clear and concise argument for the
contention made, with appropriate citations to authorities and to the record." The entirety
of Haas' contentions under this point is as follows:

 The trial judge signed a pro forma order granting the motion for
summary judgment and otherwise did not explain the basis for her decision. 
(Id. at 334). The same rules apply to this cause of action as to the others,
so that if Plaintiff has presented any credible evidence demonstrating a
triable fact, then the motion should be denied and this judgment reversed.


 Plaintiff's affidavit sets forth the detail about how her lawyer converted
money awarded by the Court by compromising his fees with Mr. Hughey and
not repaying her. (CR vol. 3, p. 203). As far as the statute of limitations is
concerned, it should be noted that the events leading up to the conversion
and the accrual of her right to sue Defendant on this count all occurred well
within the limitations period. (Id.).


 As such, Haas' brief wholly fails to cite any law pertaining to the subject of
conversion or the statute of limitations for conversion. It is also wholly inadequate in its
citation to the record and fails to provide a clear and concise argument concerning how the
facts of her case relate to the requirements of a claim for the conversion of money. By
failing to properly brief this issue, Haas has waived this point on appeal.

 Further, George moved for summary judgment on the conversion claim, citing three
grounds. This was a traditional motion for summary judgment stating that, as a matter of
law, Haas' claim for conversion of money fails. George also filed a no-evidence motion for
summary judgment, contending there is no evidence to support the elements required for
conversion of money. Finally, George filed a traditional motion for summary judgment,
contending as a matter of law Haas' claim does not exist because he repaid the money. 
George did not move for summary judgment on the conversion claim based on a theory
of statute of limitations.

 Because the trial court did not specify the grounds on which it granted the motion
for summary judgment, we may affirm on any meritorious ground presented to the trial
court. S.S., 858 S.W.2d at 380. When there are multiple grounds for summary judgment
and the order does not specify the ground on which the summary judgment was granted,
as here, the appellant must negate all grounds on appeal. Lewis, 979 S.W.2d at 833; see
S.S., 858 S.W.2d at 381. If the appellant fails to negate each ground on which the
judgment may have been granted, the appellate court must uphold the summary judgment. 
Lewis, 979 S.W.2d at 833; see S.S., 858 S.W.2d at 381. Because Haas failed to attack
any ground on which George moved for summary judgment on the conversion claim, even
if she had properly briefed the issue, we would affirm the trial court's judgment.

 In her final point of error, Haas contends the trial court abused its discretion when
it denied her motion to order the production and preservation of evidence in the possession
of the Potter law firm. The Potter law firm is not a party to this suit. 

 The test for abuse of discretion is not whether, in the opinion of the reviewing court,
the facts present an appropriate case for the trial court's action. Rather, it is a question of
whether the court acted without reference to any guiding rules or principles, and the mere
fact that a trial court may decide a matter within its discretionary authority differently than
an appellate court does not demonstrate such an abuse. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 

 After the trial court granted George's motion for summary judgment, Haas filed a
post-judgment motion with the trial court to require the Potter law firm, Hughey's former
employer, to produce and preserve documents regarding Hughey's compensation during
the marriage. Haas failed to provide this Court or the trial court with any authority
authorizing a trial court to order the production or preservation of evidence in the hands of
a nonparty. 

 Haas directs this Court to one case, Lane Bank Equip. Co. v. Smith S. Equip., Inc.,
10 S.W.3d 308 (Tex. 2000). This case holds that a timely-filed post-judgment motion for
sanctions qualifies as a motion to modify under Tex. R. Civ. P. 329b, thereby extending the
plenary jurisdiction and appellate timetables. Lane Bank Equip. Co., 10 S.W.3d at 314. 
Whether this motion was timely filed or extended the plenary jurisdiction of the trial court
is not the issue presented by Haas. Her contention is the trial court abused its discretion
by not granting the motion for production or preservation. 

 Generally, a trial judge has control over only those parties properly before the court. 
In considering Haas' post-judgment motion, we find it helpful to refer to the discovery rules
governing nonparties. Tex. R. Civ. P. 205 governs discovery from nonparties. Rule 205.1
limits the orders the court may grant in relation to discovery from nonparties. A party may
obtain discovery from a nonparty only by obtaining a court order under Tex. R. Civ. P.
196.7, 202, or 204, or by serving a subpoena. Tex. R. Civ. P. 205.1; In re Guzman, 19
S.W.3d 522, 524 (Tex. App.-Corpus Christi 2000, orig. proceeding). Rule 196.7 relates
to a request or motion for entry upon property. Rule 202 governs the taking of depositions
in anticipation of a suit or to investigate claims. Rule 204 governs mental or physical
examinations. None of these situations are applicable in this case. 

 Though the court has the power and duty to control the discovery process, it may
only do so within the confines of the Rules of Civil Procedure. Guzman, 19 S.W.3d at 525. 
Haas has not directed this Court to any statute, caselaw, or rule allowing the trial court to
compel production or preservation of documents from a nonparty. Because we find no rule
or caselaw giving the trial court power to grant the relief sought in Haas' motion, we cannot
say the trial court abused its discretion by failing to act without reference to any guiding
rules or principles. See Downer, 701 S.W.2d at 241-42.

 We reverse and remand Haas' claims for legal malpractice and DTPA claims. We
affirm the trial court's granting of summary judgment on the conversion of money claim and
the trial court's denial of the motion to order the production and preservation of evidence.



 Donald R. Ross

 Justice


Date Submitted: March 12, 2002

Date Decided: March 22, 2002


Publish

1. George was notified of the claim in April 1998, but the parties entered into an
agreement on November 12, 1998, to delay the filing and tolling of limitations. Neither
party is complaining this agreement has been breached or in any way affects the timetable
of this proceeding. George's counsel admits to the agreement, but contends it has no
effect because the statute of limitations had already run years earlier. Haas does not rely
on the agreement to extend the statute of limitations.
2. Although neither party objects to the finality of this judgment, we recognize that, as
a general rule, an appeal may be taken only from a final judgment. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). The language of an order or judgment can make
it final, even though it should have been interlocutory, if that language expressly disposes
of all claims and all parties. Id. The intent to finally dispose of the case must be
unequivocally expressed in the words of the order itself. Id. at 200. If the intent to dispose
of the case is clear from the order, then the order is final and appealable, even though the
record does not provide an adequate basis for rendition of judgment. Id. A judgment that
grants more relief than a party is entitled to is erroneous and subject to reversal, but it is
not, for that reason alone, interlocutory. Id. The language of the judgment in this case
purports to make it final:


 It is, therefore, ORDERED, ADJUDGED and DECREED that
Defendant SAMUEL M. GEORGE'S Motion for Summary Judgment is in all
things GRANTED and that Plaintiff take nothing against Defendant SAMUEL
M. GEORGE; and that Defendant SAMUEL M. GEORGE recover all costs,
in his behalf expended, of and from Plaintiff for which let execution issue if
not timely paid.


 All relief requested and not expressly granted is denied.


 It is the intent of the Court that this order serve as its final judgment
from which the appellate deadlines commence.


It is clear from this language the trial court intended this to be a final judgment as to all
claims and all parties. Therefore, this Court has jurisdiction over this appeal.