COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 2-02-278-CV

KIMLECO PETROLEUM, INC.                                                     
APPELLANTS
AND J.D. OLDS
V.
MORRISON & SHELTON, A                                                       
APPELLEE
PROFESSIONAL CORPORATION
------------
FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
------------
OPINION
------------
This appeal is from a summary judgment in a suit by Appellants Kimleco
Petroleum, Inc. and J.D. Olds, president of Kimleco, seeking to recover money
damages from Appellee Morrison & Shelton, A Professional Corporation.
Appellants claimed that Appellee was negligent and committed breaches of
contract and fiduciary duty in representing Appellants in a lawsuit. Appellants'
sole issue on appeal is that the trial court erred in granting summary judgment

to Appellee by applying a two-year statute of limitations instead of a
four-year statute of limitations. We affirm.
Kimleco hired Appellee to represent
it in its lawsuit for damages based on the unsuccessful completion of an oil
well ("the oil well lawsuit"). During the oil well lawsuit, Appellee
designated an expert, Vincent Quinlan, to testify regarding Kimleco's economic
damages. On January 23, 1999, at Kimleco's request, Appellee withdrew as
Kimleco's counsel in the oil well lawsuit.
On March 19, 1999, the defendants in the oil well lawsuit filed a no-evidence
motion for summary judgment, arguing that Quinlan, among others, was not
qualified to render an opinion as to Kimleco's damages, and that Kimleco had
failed to produce any probative evidence regarding damages. On March 30, 1999,
the trial court granted the defendants' motion to exclude Quinlan's expert
testimony on damages, and on May 14, 1999, the trial court granted the
defendants' motion for summary judgment. The judgment became final on June 13,
1999.
On August 15, 2001, more than two years after the final judgment in the oil
well lawsuit, Appellants filed the lawsuit at issue against Appellee. In their
first amended original petition, Appellants made claims for breach of contract
and negligence. They eventually amended those claims and added another for
breach of fiduciary duty. Appellants alleged that Appellee negligently failed to

advise them of the expert witness problem, failed to ask the court for
additional time in which to designate a qualified expert, and misrepresented to
Appellants the readiness of the case for trial.
On June 19, 2002, Appellee filed a motion for summary judgment, arguing the
affirmative defense of limitations. Appellee alleged that Appellants' claims for
breach of contract, breach of fiduciary duty, and negligence were "no more
than thinly veiled attempts to assert a legal malpractice claim," and the
two-year statute of limitations had therefore run. See Tex. Civ. Prac.
& Rem. Code Ann. § 16.003(a) (Vernon 2002); Willis v. Maverick,
760 S.W.2d 642, 644 (Tex. 1988). The trial court held a hearing on the motion
and granted summary judgment for Appellee on that ground.
In their sole issue, Appellants claim that the trial court erred in holding
that the two-year statute of limitations barred their lawsuit, because their
claims were in the nature of breach of fiduciary duty, not legal malpractice.
In a traditional summary judgment, the movant has the burden of showing that
there is no genuine material fact issue and that it is entitled to judgment as a
matter of law. Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985). A defendant is entitled to summary judgment on an affirmative
defense if the defendant conclusively proves all the elements of the affirmative
defense. KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988
S.W.2d 746,

748 (Tex. 1999). To accomplish this, the defendant-movant must present
summary judgment evidence that establishes each element of the affirmative
defense as a matter of law. Ryland Group, Inc. v. Hood, 924 S.W.2d 120,
121 (Tex. 1996). When the basis for summary judgment is the statute of
limitations, the movant has the burden to show from the record that the suit is
barred by limitations. See Delgado v. Burns, 656 S.W.2d 428, 429 (Tex.
1983); Wright v. Fowler, 991 S.W.2d 343, 349 (Tex. App.--Fort Worth
1999, no pet.).
We agree with Appellants that an attorney has a fiduciary duty to his client.
See Arce v. Burrow, 958 S.W.2d 239, 246 (Tex. App.--Houston [14th
Dist.] 1997) (op. on reh'g), rev'd in part on other grounds, 997 S.W.2d
229 (Tex. 1999); Willis, 760 S.W.2d at 645. We disagree, however, with
Appellants' characterization of their claims as a breach of fiduciary duty. The
focus of breach of fiduciary duty is whether an attorney obtained an improper
benefit from representing a client, while the focus of a legal malpractice claim
is whether an attorney adequately represented a client. See Goffney v.
Rabson, 56 S.W.3d 186, 193 (Tex. App.--Houston [14th Dist.] 2001, pet.
denied) (giving examples of when a breach of fiduciary duty has occurred);
Greathouse v. McConnell, 982 S.W.2d 165, 172 (Tex. App.--Houston [1st
Dist.] 1998, pet. denied).

The essence of a breach of fiduciary duty involves the "integrity and
fidelity" of an attorney. Goffney, 56 S.W.3d at 193. A breach of
fiduciary duty occurs when an attorney benefits improperly from the
attorney-client relationship by, among other things, subordinating his client's
interests to his own, retaining the client's funds, using the client's
confidences improperly, taking advantage of the client's trust, engaging in
self-dealing, or making misrepresentations. Id.
Unlike a claim for breach of fiduciary duty, legal malpractice is based on
negligence, because such claims arise from an attorney's alleged failure to
exercise ordinary care. Cosgrove v. Grimes, 774 S.W.2d 662, 665 (Tex.
1989) (op. on reh'g). A cause of action for legal malpractice arises from an
attorney giving a client bad legal advice or otherwise improperly representing
the client. Greathouse, 982 S.W.2d at 172. For example, an attorney can
commit legal malpractice by giving an erroneous legal opinion or erroneous
advice, by failing to give any advice or opinion when legally obliged to do so,
by disobeying a client's lawful instruction, by taking an action when not
instructed by the client to do so, by delaying or failing to handle a matter
entrusted to the attorney's care by the client, or by not using an attorney's
ordinary care in preparing, managing, and presenting litigation that affects the
client's interests. Zidell v. Bird, 692 S.W.2d 550, 553 (Tex.
App.--Austin 1985, no writ).

Generally, courts do not allow a case arising out of an attorney's alleged
bad legal advice or improper representation to be split out into separate claims
for negligence, breach of contract, or fraud, because the "real issue
remains one of whether the professional exercised that degree of care, skill,
and diligence that professionals of ordinary skill and knowledge commonly
possess and exercise." Averitt v. PriceWaterhouseCoopers L.L.P., No.
2-01-014-CV, slip op. at 8-9, 2002 WL 31478437, at *3 (Tex. App.--Fort Worth
Nov. 7, 2002, no pet. h.); Sledge v. Alsup, 759 S.W.2d 1, 2 (Tex.
App.--El Paso 1988, no writ). Regardless of the theory a plaintiff pleads, as
long as the crux of the complaint is that the plaintiff's attorney did not
provide adequate legal representation, the claim is one for legal malpractice. See
Greathouse, 982 S.W.2d at 172; see also Averitt, slip op. at 8,
2002 WL 31478437, at *3 (saying that a cause of action based on an attorney's
alleged failure to perform a professional service is a tort rather than a breach
of contract, regardless of whether a written contract providing for professional
services exists between the attorney and client).
In support of their breach of fiduciary duty claim, Appellants rely on the
same allegations that support their breach of contract claim: that Appellee
negligently failed to timely designate a qualified expert witness and misled
Appellants into believing the case was ready for trial. Here, although
Appellants alleged three separate and distinct causes of action that were not
labeled "legal

malpractice," the crux of each of those claims was that Appellee did not
provide Appellants with adequate legal representation. See Greathouse,
982 S.W.2d at 172. Appellants do not allege any conduct that could constitute
breach of contract or fiduciary duty. In fact, the alleged professional failures
of Appellee can only be characterized as legal malpractice. See id.; see
also Averitt, slip op. at 8, 2002 WL 31478437, at *3. A legal malpractice
claim is a tort and is governed by a two-year statute of limitations. Tex. Civ.
Prac. & Rem. Code Ann. § 16.003(a); Willis, 760 S.W.2d at 644.
Accordingly, the two-year statute of limitations applies here.
Because Appellants did not file suit until August 15, 2001, more than two
years after the final summary judgment in the oil well lawsuit, Appellee
conclusively established the affirmative defense of limitations. Consequently,
the trial court did not err in granting Appellee's motion for summary judgment.
We therefore affirm the trial court's judgment.

DIXON W. HOLMAN
JUSTICE
 
PANEL B: CAYCE, C.J.; HOLMAN and WALKER, JJ.
PUBLISH
[Delivered December 12, 2002]